**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
Caption in Compliance with D.N.J. LBR 9004-1(b)

**FOX ROTHSCHILD LLP**
49 Market St.
Morristown, NJ 07960
Mark E. Hall, Esq.
Martha B. Chovanes, Esq.
Michael R. Herz, Esq.
mhall@foxrothschild.com
mchovanes@foxrothschild.com
mherz@foxrothschild.com
Telephone:  (973) 992-4800
Facsimile:   (973) 992-9125
*Proposed Counsel for L'Occitane, Inc.*

In Re:

L'OCCITANE, INC.,

              Debtor.

Chapter 11

Case No.

Judge:

# DEBTOR'S MOTION PURSUANT TO BANKRUPTCY RULE 1007(c) FOR ENTRY OF ORDER GRANTING ADDITIONAL TIME FOR FILING SCHEDULES OF ASSETS AND LIABILITIES, STATEMENT OF FINANCIAL AFFAIRS, AND SCHEDULES OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

L'Occitane, Inc. (the "Debtor"), the debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), by and through its undersigned proposed counsel, Fox Rothschild LLP, hereby files this motion (the "Motion"), pursuant to Federal Rule of Bankruptcy Procedure 1007, for the entry of an Order extending the date by which the Debtor shall file certain documents. In support of this Application, the Debtor relies upon and incorporates by reference the *Declaration of Yann Tanini in Support of First Day Applications and Motions* (the "Tanini Declaration"). In further support of this Motion, the Debtor respectfully avers as follows:

117971034.v4

## JURISDICTION

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 105(a) and 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

3. On January 26, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor continues to operate its business and property as a debtor-in-possession in accordance with Sections 1107 and 1108 of the Bankruptcy Code. No trustee, examiner or creditors' committee has been appointed in this Chapter 11 Case.

4. The factual background relating to the commencement of this Chapter 11 Case and the Debtor's business is set forth in detail in the Tanini Declaration.

## RELIEF REQUESTED

5. Although the Debtor has commenced the extensive process of gathering the necessary information to prepare and finalize their schedules and statements (the "Schedules and Statements"), the fourteen (14) day time period provided by Bankruptcy Rules 1007(c) likely will be insufficient for the Debtor to complete the Schedules and Statements given the size and complexity of the Debtor's business. Notably, the Debtor's balance sheet reflects approximately $161,063,000 in assets and approximately $161,659,000 in liabilities, and hundreds of creditors.

6. Pursuant to Bankruptcy Rules 1007(a)(5) and 1007(c), an extension of time to file the Schedules and Statements may be granted "for cause." While the Bankruptcy Rules do not

define or delineate the parameters necessary to establish cause, courts have held that "cause" is a liberal standard, and extensions of time to file schedules and statements of financial affairs should be granted in the absence of prejudice or bad faith. *See Bryant v. Smith*, 165 B.R. 176, 181-82 (W.D. Va. 1994).

7. The Debtor recognizes that its Schedules and Statements must provide complete and accurate information. Furthermore, the Schedules and Statements must provide complete and accurate information and evidence the financial condition of the Debtor as of the Petition Date. In order to prepare the Schedules and Statements as required by section 521 of the Bankruptcy Code and Bankruptcy Rule 1007(b), the Debtor must gather information from books, records and documents relating to a multitude of parties, transactions, and contracts. Consequently, collection of the information requires an expenditure of substantial time and effort on the part of the Debtor's employees. Given the substantial amount of work required to compile the Schedules and Statements, along with the additional tasks inherent upon filing a chapter 11 proceeding, the Debtor will not be in a position to prepare the Schedules and Statements within fourteen (14) days of the Petition Date as provided by Bankruptcy Rule 1007(c).

8. At this time, the debtor anticipates that it will need additional time beyond the current deadline, to prepare and file the Schedules and Statements in the appropriate format prescribed by the Bankruptcy Code and the Bankruptcy Rules.

9. By this Application the Debtor requests that the Court extend the fourteen (14) day period for the Debtor to file its Schedules and Statement to thirty (30) days from the Petition Date, February 25, 2021, without prejudice to the Debtor's right to request further extension upon cause.

10. Bankruptcy Rule 1007(c) authorizes the Court to grant, when cause exists, an extension of time for filing Schedules and Statements. Bankruptcy Courts in this District have

117971034.v4

frequently granted the relief requested herein in large, complex chapter 11 cases such as the within. *See, e.g., In re RTW Retailwinds, Inc.*, Case No. 20-18445 (JKS) (Bankr. D.N.J. July 15, 2020); *In re SLT Holdco, Inc.*, Case No. 20-18368 (MBK) (Bankr. D.N.J. July 13, 2020); *In re Modell's Sporting Goods, Inc.*, Case No. 20-14179 (VFP) (Bankr. D.N.J. Mar. 11, 2020); *In re Hollister Construction Services, LLC*, Case No. 19-27439 (MBK) (Bankr. D.N.J. Sept. 16, 2019); *In re Mountain Creek Resort, Inc.,* Case No. 17-19899 (SLM) (Bankr. D.N.J. May 17, 2017); *In re C. Wonder LLC,* Case No. 15-11127 (MBK) (Bankr. D.N.J. Jan. 28, 2015); *In re Crumbs Bake Shop, Inc.,* Case No. 14-24287 (MBK) (Bankr. D.N.J. July 16, 2014); In re MEE Apparel LLC, Case No. 14-16484 (CMG) (Bankr. D.N.J. Apr. 7, 2014); *In re Ashley Stewart Holdings, Inc.,* Case No. 14-14383 (MBK) (Bankr. D.N.J. Mar. 11, 2014).

11.    The Debtor contends that in light of the already substantial burdens placed on its employees as a consequence of this bankruptcy filing, and the amount of information that must be assembled and compiled in order to complete the Schedules and Statements, sufficient cause exists for the requested extension.  Additionally, the requested relief will not prejudice any party-in-interest.  The Debtor intends to cooperate with the Office of the United States Trustee for the District of New Jersey and other parties-in-interest to provide access to relevant information regarding the Debtor's business and financial affairs.

## NO PRIOR REQUEST

12.    No previous request for the relief sought herein has been made to this Court or any other court.

## NOTICE

13.    Notice of this Motion has been provided to (i) the Office of the United States Trustee for Region 3; (ii) the holders of the twenty (20) largest unsecured claims against the

4

Debtor; (iii) the Internal Revenue Service; (iv) the United States Attorney's Office for the District of New Jersey; (v) all parties requesting notices pursuant to Bankruptcy Rule 2002. The Debtor submits that, in view of the facts and circumstances, such notice is sufficient, and no other or further notice be provided.

    WHEREFORE, the Debtor respectfully requests that this Court enter an Order, substantially in the form submitted with the Application granting the relief requested herein, and for such other and further relief as may be just and proper.

Dated: January 26, 2021

**FOX ROTHSCHILD LLP**

*Proposed Counsel to the Debtor and Debtor-in-Possession*

By: */s/ Mark E. Hall*
    Mark E. Hall, Esq.
    Martha B. Chovanes, Esq.
    Michael R. Herz, Esq.

117971034.v4