**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
Caption in Compliance with D.N.J. LBR 9004-1(b)

**FOX ROTHSCHILD LLP**
49 Market St.
Morristown, NJ 07960
Mark E. Hall, Esq.
Martha B. Chovanes, Esq.
Michael R. Herz, Esq.
mhall@foxrothschild.com
mchovanes@foxrothschild.com
mherz@foxrothschild.com
Telephone:  (973) 992-4800
Facsimile:  (973) 992-9125
*Proposed Counsel for L'Occitane, Inc.*

In Re:

L'OCCITANE, INC.,

                   Debtor.

Chapter 11

Case No.

Judge:

## ORDER (I) AUTHORIZING AND APPROVING THE APPOINTMENT OF STRETTO AS CLAIMS AND NOTICING AGENT TO THE DEBTOR AND (II) GRANTING RELATED RELIEF

The relief set forth on the following pages two (2) through seven (7) is hereby **ORDERED.**

Page 2 of 7
DEBTOR:  L'Occitane, Inc.
CASE NO: 21-
CAPTION OF ORDER: ORDER (I) AUTHORIZING AND APPROVING THE APPOINTMENT OF STRETTO
AS CLAIMS AND NOTICING AGENT TO THE DEBTOR AND (II) GRANTING RELATED RELIEF

Upon the application (the "Application")[1] of L'Occitane, Inc., the debtor and debtor-in-possession (the "Debtor") in the above-captioned chapter 11 case, for entry of an order ("Order"), (a) appointing Stretto as the claims and noticing agent (the "Claims and Noticing Agent") to, among other things, (i) distribute required notices to parties in interest, (ii) receive, maintain, docket, and otherwise administer the proofs of claim filed in the Debtor's chapter 11 case, and (iii) provide such other administrative services—as required by the Debtor—that would fall within the purview of services to be provided by the Clerk's Office, and (b) granting related relief, all as more fully set forth in the Application; and upon the Betance Declaration submitted in support of the Application; and upon the First Day Declaration; and the Debtor having estimated that there are between 200 and 999 creditors in this chapter 11 case, many of which are expected to file proofs of claim, and it appearing that the receiving, docketing and maintaining of proofs of claim would be unduly time consuming and burdensome for the Clerk; and the Court being authorized under 28 U.S.C. §156(c) to utilize, at the Debtor's expense, outside agents and facilities to provide notices to parties in title 11 cases and to receive, docket, maintain, photocopy and transmit proofs of claim; and the Court being satisfied that Claims Noticing Agent has the capability and experience to provide such services and that Claims and Noticing Agent does not hold an interest adverse to the Debtor or the estates respecting the matters upon which it is to be engaged; and good and sufficient notice of the Application having been given; and no other or further notice being required; and it appearing that the employment of Claims and Noticing Agent is in the best interests of the Debtor, the estates and creditors and sufficient cause appearing; and this Court having

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

2

118857059.v1

Page 3 of 7
DEBTOR:  L'Occitane, Inc.
CASE NO: 21-
CAPTION OF ORDER: ORDER (I) AUTHORIZING AND APPROVING THE APPOINTMENT OF STRETTO
AS CLAIMS AND NOTICING AGENT TO THE DEBTOR AND (II) GRANTING RELATED RELIEF

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of*

*Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the*

*District of New Jersey*, dated September 18, 2012 (Simandle, C.J.); and that this Court may enter

a final order consistent with Article III of the United States Constitution; and this Court having

found that venue of this proceeding and the Application in this district is proper pursuant to 28

U.S.C. §§ 1408 and 1409; and this Court having found that this is a core proceeding pursuant to

28 U.S.C. § 157(b); and this Court having reviewed the Application and having heard the

statements in support of the relief requested therein at a hearing, if any, before this Court

(the "Hearing"); and this Court having determined that the legal and factual bases set forth in the

Application and at the Hearing establish just cause for the relief granted herein; and upon all of

the proceedings had before this Court; and after due deliberation and sufficient cause appearing

therefor, it is HEREBY ORDERED THAT:

1.      The Application is approved as set forth herein.

2.      The Debtor is authorized to retain Stretto as Claims and Noticing Agent effective

as of the Petition Date under the terms of the Engagement Agreement, and Stretto is authorized

and directed to perform noticing services and to receive, maintain, record, and otherwise

administer the proofs of claim filed in this chapter 11 case, and all related tasks, all as described

in the Application.

3.      Stretto shall serve as the custodian of court records and shall be designated as

the authorized repository for all proofs of claim filed in this chapter 11 case and is authorized and

directed to maintain official claims registers for the Debtor, to provide public access to every proof

3

118857059.v1

Page 4 of 7
DEBTOR:  L'Occitane, Inc.
CASE NO: 21-
CAPTION OF ORDER: ORDER (I) AUTHORIZING AND APPROVING THE APPOINTMENT OF STRETTO
AS CLAIMS AND NOTICING AGENT TO THE DEBTOR AND (II) GRANTING RELATED RELIEF

of claim filed in this chapter 11 case unless otherwise ordered by the Court and to provide the Clerk

with a certified duplicate thereof upon the request of the Clerk.

4.        Stretto is authorized and directed to provide an electronic interface for filing proofs

of claim—to the extent necessary—and to obtain a post office box or address for the receipt of

proofs of claim.

5.        Stretto is authorized to take such other action to comply with all duties set forth in

the Application.

6.        The Debtor is authorized to compensate Stretto in accordance with the terms of the

Engagement Agreement upon the receipt of reasonably detailed invoices setting forth the services

provided by Stretto and the rates charged for each, and to reimburse Stretto for all reasonable and

necessary expenses it may incur, upon the presentation of appropriate documentation, without the

need for Stretto to file fee applications or otherwise seek Court approval for the compensation of

its services and reimbursement of its expenses.

7.        Stretto shall maintain records of all services showing dates, categories of services,

fees charged, and expenses incurred, and shall serve monthly invoices on the Debtor, the United

States Trustee, counsel for the Debtor, counsel for any official committee monitoring the expenses

of the Debtor, and any party in interest who specifically requests service of the monthly invoices.

8.        The parties shall meet and confer in an attempt to resolve any dispute which may

arise relating to the Engagement Agreement or monthly invoices; *provided*, *however*, that

the parties may seek resolution of the matter from this Court if resolution is not achieved.

9.        Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of

Stretto under this Order shall be an administrative expense of the Debtor's estate.

118857059.v1

DEBTOR:  L'Occitane, Inc.
CASE NO: 21-
CAPTION OF ORDER: ORDER (I) AUTHORIZING AND APPROVING THE APPOINTMENT OF STRETTO
AS CLAIMS AND NOTICING AGENT TO THE DEBTOR AND (II) GRANTING RELATED RELIEF

10.      Stretto may apply its advance to all prepetition invoices, which advance shall be replenished to the original advance amount, and thereafter, Stretto may hold its advance under the Engagement Agreement during the chapter 11 case as security for the payment of fees and expenses incurred under the Engagement Agreement.

11.      The Debtor shall indemnify Stretto under the terms of the Engagement Agreement, as modified pursuant to this Order.

12.      All requests by Stretto for the payment of indemnification as set forth in the Engagement Agreement shall be made by means of an application to the Court and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Engagement Agreement and is reasonable under the circumstances of the litigation or settlement in respect of which indemnity is sought; *provided*, *however*, that in no event shall Stretto be indemnified in the case for its own bad faith, breach of fiduciary duty (if any), gross negligence, or willful misconduct.

13.      In the event that Stretto seeks reimbursement from the Debtor for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the Engagement Agreement, the invoices and supporting time records for the attorneys' fees and expenses shall be included in Stretto's own applications, both interim and final, but determined by this Court after notice and a hearing.

14.      In the event Stretto is unable to provide the services set out in this Order, Stretto will immediately notify the Clerk and the Debtor's attorney and, upon approval of this Court, cause to have all original proofs of claim and computer information turned over to another claims and noticing agent with the advice and consent of the Clerk and the Debtor's attorney.

118857059.v1

DEBTOR:  L'Occitane, Inc.
CASE NO: 21-
CAPTION OF ORDER: ORDER (I) AUTHORIZING AND APPROVING THE APPOINTMENT OF STRETTO
AS CLAIMS AND NOTICING AGENT TO THE DEBTOR AND (II) GRANTING RELATED RELIEF

15.	The Debtor may submit a separate retention application, pursuant to section 327 of

the Bankruptcy Code and/or any applicable law, for work that is to be performed by Stretto but is

not specifically authorized by this Order.

16.	Stretto shall not cease providing claims processing services during this chapter 11

case for any reason, including nonpayment, without an order of this Court; *provided*, *however*, that

Stretto may seek such an order on expedited notice by filing a request with this Court with notice

of such request to be served on the Debtor, the United States Trustee, and any official committee

of creditors appointed in this chapter 11 case by facsimile or overnight delivery; *provided*, *further*,

that except as expressly provided herein, the Debtor and Stretto may otherwise terminate or

suspend other services as provided under the Engagement Letter.

17.	After entry of an order terminating Stretto's services as the Claims and Noticing

Agent, upon the closing of this chapter 11 case, or for any other reason, Stretto shall be responsible

for archiving all proofs of claim with the Federal Archives Record Administration, if applicable.

18.	Notwithstanding the relief granted in this Order, any payment made by the Debtor

pursuant to the authority granted herein shall be subject to and in compliance with any orders

entered by the Court approving the Debtor's entry into any postpetition debtor in possession

financing facility and any budget in connection therewith and/or authorizing the Debtor's use of

cash collateral and any budget in connection therewith.

19.	All time periods set forth in this Order shall be calculated in accordance with

Bankruptcy Rule 9006(a).

118857059.v1

Page 7 of 7
DEBTOR:  L'Occitane, Inc.
CASE NO: 21-
CAPTION OF ORDER: ORDER (I) AUTHORIZING AND APPROVING THE APPOINTMENT OF STRETTO
AS CLAIMS AND NOTICING AGENT TO THE DEBTOR AND (II) GRANTING RELATED RELIEF

20.    Notice of the Application as provided therein is deemed good and sufficient notice

of such Application and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are

satisfied by such notice.

21.    Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order

are immediately effective and enforceable upon its entry.

22.    The Debtor and Stretto are authorized to take all actions necessary to effectuate the

relief granted pursuant to this Order in accordance with the Application.

23.    This Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation, interpretation, and enforcement of this Order.

24.    In the event of any inconsistency between the Engagement Agreement,

the Application and this Order, this Order shall govern.

118857059.v1