**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

**FOX ROTHSCHILD LLP**
49 Market St.
Morristown, NJ 07960
Mark E. Hall, Esq.
Martha B. Chovanes, Esq.
Michael R. Herz, Esq.
mhall@foxrothschild.com
mchovanes@foxrothschild.com
mherz@foxrothschild.com
Telephone:  (973) 992-4800
Facsimile:  (973) 992-9125
*Proposed Counsel for L'Occitane, Inc.*

Order Filed on January 28, 2021
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In re:

L'OCCITANE, INC.,

                              Debtor.

Chapter 11

Case No. 21-10632-MBK

Judge:  Michael B. Kaplan

### ORDER AUTHORIZING AND APPROVING PROCEDURES FOR REJECTION AND ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

The relief set forth on the following pages, numbered two (2) through ten (10), is hereby **ORDERED**.

**DATED: January 28, 2021**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

118918455.v4

Page (2)
Debtor:              L'OCCITANE, INC.
Case No.             21-10632-MBK
Caption of Order:    ORDER AUTHORIZING AND APPROVING PROCEDURES FOR
                     REJECTION AND ASSUMPTION OF EXECUTORY CONTRACTS
                     AND UNEXPIRED LEASES

---

This matter, having been brought before the Court upon the motion (the "Motion")[1] of

L'Occitane, Inc., the above-captioned debtor and debtor in possession (the "Debtor"), for entry of

an order pursuant to sections 105(a), 365, and 554 of title 11 of the United States Code (the

"Bankruptcy Code"), and Rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules") establishing procedures for the rejection, assumption, and assumption and

assignment of executory contracts and unexpired leases and abandonment of personal property as

more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the

relief requested therein in accordance with 28 U.S.C. §§ 157(a), (b) and 1334(b); and consideration

of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §

157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and

notice of the Motion having been given as provided in the Motion; and such notice having been

adequate and appropriate under the circumstances; and it appearing that no other notice of Motion

need be provided; and the Court having held a hearing to consider the relief requested in the Motion

(the "Hearing"); and upon the *Declaration of Yann Tanini in Support of Debtor's Chapter 11

Petition and First Day Pleadings*; the record of the Hearing, and all of the proceedings had before

the Court; and the Court having found and determined that the relief sought in the Motion and

granted herein is in the best interests of the Debtor, its respective estate and creditors and all parties

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

Page (3)
Debtor:               L'OCCITANE, INC.
Case No.              21-10632-MBK
Caption of Order:     ORDER AUTHORIZING AND APPROVING PROCEDURES FOR
                      REJECTION AND ASSUMPTION OF EXECUTORY CONTRACTS
                      AND UNEXPIRED LEASES

---

in interest; that the legal and factual bases set forth in the Motion establish just cause for the relief

granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.     The Motion is granted as set forth herein.

2.     The following procedures (the "Rejection Procedures") are approved in connection

with rejecting Contracts and Leases:

(a)    Rejection Notice.  The Debtor will file a notice (the "**Rejection Notice**"),
setting forth the proposed rejection of one or more Contracts and/or Leases
and will serve the Rejection Notice via overnight delivery service, email, or
fax on: (1) the non-Debtor counterparty (and its counsel, if known) under
the respective Contract or Lease at the last known address available to the
Debtor (the "**Counterparty**"); (2) with respect to real property Leases
("**Real Property Leases**"), any known third party having an interest in
personal property located at the leased premises (the "**Leased Premises**");
(3) any party known to assert a lien in any property subject to the rejected
Contract or Lease; (4) counsel to any official committee appointed in this
chapter 11 case; and (5) the Office of the United States Trustee for the
District of New Jersey (collectively, the "**Rejection Notice Parties**"). The
Rejection Notice may list multiple Contracts; *provided* that the number of
counterparties to Contracts or Leases listed on the Rejection Notice shall be
limited to no more than 100.

(b)    Content of Rejection Notice.  The Rejection Notice shall be substantially in
the form attached as **Exhibit 1** to the proposed order.  With respect to Real
Property Leases, the Rejection Notice shall set forth the following
information, to the best of the Debtor's knowledge: (1) the street address of
the related real property; (2) the name and address of the landlord (the
"**Landlord**"); and (3) the date on which the Debtor will vacate (or has
vacated) the Leased Premises.  With respect to all other Contracts or Leases
to be rejected, the Rejection Notice shall set forth the following information,
to the best of the Debtor's knowledge: (1) the name and address of the
Counterparty; and (2) a brief description of the Contract or Lease to be
rejected.  All Rejection Notices will be accompanied by a copy of the
proposed order approving the rejection of the Contracts and/or Leases set

Page (4)
Debtor:              L'OCCITANE, INC.
Case No.             21-10632-MBK
Caption of Order:    ORDER AUTHORIZING AND APPROVING PROCEDURES FOR
                     REJECTION AND ASSUMPTION OF EXECUTORY CONTRACTS
                     AND UNEXPIRED LEASES

---

forth on the Rejection Notice (each such order, a "**Rejection Order**"), substantially in the form attached to the Rejection Notice as **Exhibit A**.

(c)     Objections.  Should a party in interest object to the Debtor's proposed rejection of a Contract or Lease, such party must file and serve a written objection (an "**Objection**") so that such objection is filed with the Court and actually received by the following parties no later than fourteen (14) calendar days after the date the Rejection Notice is filed: (1) proposed attorneys for the Debtor, Fox Rothschild LLP, 49 Market Street, Morristown, NJ 07960, Attn: Mark E. Hall, Esq., and 2000 Market Street, 20th Floor, Philadelphia, PA 19103, Attn: Martha B. Chovanes, Esq.; (2) Office of the United States Trustee, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey 07102, Attn: Jeffrey M. Sponder, Esq. and Lauren Bielskie, Esq.; and (3) counsel to any official committee appointed in this chapter 11 case (collectively, the "**Objection Notice Parties**").  Each Objection must state with specificity the grounds for objecting to the proposed rejection of the Contract or Lease and/or abandonment of Remaining Property (as defined and discussed below), as applicable.

(d)     Effects of Failing to File an Objection to a Rejection Notice.  If no Objection to a Rejection Notice is timely filed and served, the Debtor may submit the Rejection Order to the Court providing that the applicable Contract or Lease shall be deemed rejected on the effective date set forth in the Rejection Notice (the "**Rejection Date**"); provided, however, that the Rejection Date for a Real Property Lease shall not be earlier than the later of (i) the date the Debtor files and serves a Rejection Notice for the Real Property Lease (ii) the proposed rejection effective Date; and (iii) the date the Debtor relinquishes control of the applicable Leased Premises by notifying the affected Landlord in writing of the Debtor's irrevocable surrender of the premises.  Upon the Rejection Date, any personal property or furniture, fixtures, and equipment ("**Remaining Property**") remaining on the Leased Premises shall be deemed abandoned by the Debtor (except the Debtor must remove any items containing personal and/or confidential information prior to the Rejection Date), and the Landlords may use or dispose of any Remaining Property, in their sole discretion, free and clear of all liens, claims, encumbrances, and interests, without any further notice to any party or Court order, and without any liability to the Debtor and its estate and any third party and without waiver of any claim the Landlords may have against the Debtor and its estate.  To the extent applicable, the automatic stay is hereby modified to permit such use or disposition, including but not limited

Page (5)
Debtor:                    L'OCCITANE, INC.
Case No.                   21-10632-MBK
Caption of Order:          ORDER AUTHORIZING AND APPROVING PROCEDURES FOR
                           REJECTION AND ASSUMPTION OF EXECUTORY CONTRACTS
                           AND UNEXPIRED LEASES

---

to the transfer of title by the Debtor.  Such Landlords reserve all rights with respect to any property that is required to be removed prior to the Rejection Date.

(e)    <u>Effects of Filing an Objection to a Rejection Notice</u>.  If a timely Objection to a Rejection Notice is filed and received in accordance with the Rejection Procedures, the Debtor shall schedule a hearing on such Objection and shall provide at least seven (7) days' notice of such hearing to the objecting party and the Objection Notice Parties.  If the Court upholds the Debtor's determination to reject the applicable Contract or Lease, then the applicable Contract or Lease shall be deemed rejected (i) as of the Rejection Date or (ii) as otherwise determined by the Court as set forth in any order overruling such Objection.

(f)    <u>Consent Orders</u>.  Any Objection may be resolved without a hearing by an order of the Court submitted on a consensual basis by the Debtor and the objecting party.

(g)    <u>Deadlines for Filing Claims</u>.  Claims arising out of the rejection of Contracts or Leases must be filed on or before the later of (i) the deadline for filing proofs of claims established by the Court in this chapter 11 case or (ii) thirty (30) days after the date of entry of the applicable Rejection Order.  If no proof of claim is timely filed, such claimant shall not be treated as a creditor with respect to such claims for voting on any chapter 11 plan in this chapter 11 case and shall be forever barred from asserting a claim for rejection damages and from participating in any distributions that may be made in connection with the Debtor's bankruptcy case.

(h)    <u>Treatment of Security Deposits</u>.  If the Debtor has deposited funds with a Counterparty or Landlord as a security deposit or other arrangement, such Counterparty or Landlord may not setoff or otherwise use such deposit without the prior authority of this Court or agreement of the Debtor.

(i)    <u>Abandoned Property</u>. The Debtor is authorized, but not directed, at any time on or before the applicable Rejection Date, to remove or abandon any of the Debtor's personal property that may be located on the Debtor's Leased Premises that are subject to a rejected Contract or Lease. If the Debtor decides to abandon any personal property, the Debtor shall generally describe the abandoned personal property in the Rejection Notice. Absent a timely objection, the property will be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date. Upon the Rejection Date, any Remaining Property

Page (6)
Debtor:             L'OCCITANE, INC.
Case No.            21-10632-MBK
Caption of Order:   ORDER AUTHORIZING AND APPROVING PROCEDURES FOR
                    REJECTION AND ASSUMPTION OF EXECUTORY CONTRACTS
                    AND UNEXPIRED LEASES

---

remaining on the Leased Premises shall be deemed abandoned by the Debtor (except the Debtor must remove any items containing personal and/or confidential information prior to the Rejection Date), and the Landlords may use or dispose of any Remaining Property, in their sole discretion, free and clear of all liens, claims, encumbrances, and interests, without any further notice to any party or Court order, and without any liability to the Debtor and its estate and any third party and without waiver of any claim the Landlords may have against the Debtor and its estate. To the extent applicable, the automatic stay is hereby modified to permit such use or disposition, including but not limited to the transfer of title by the Debtor. Such Landlords reserve all rights with respect to any property that is required to be removed prior to the Rejection Date.

3.      The following procedures (the "Assumption Procedures") are approved in

connection with assuming and assuming and assigning Contracts and Leases:

a.      Assumption Notice. The Debtor will file a notice (the "Assumption Notice"), setting forth the proposed assumption of one or more Contracts and/or Leases and will serve the Assumption Notice via overnight delivery service, email, or fax on: (1) the non-Debtor counterparty (and its counsel, if known) under the respective Contract or Lease at the last known address available to the Debtor (the "Counterparty"); (2) with respect to real property Leases ("Real Property Leases"), any known third party having an interest in personal property located at the leased premises (the "Leased Premises"); (3) any party known to assert a lien in any property subject to the assumed Contract or Lease; (4) counsel to any official committee appointed in this chapter 11 case; and (5) the Office of the United States Trustee for the District of New Jersey (collectively, the "Assumption Notice Parties"). The Assumption Notice may list multiple Contracts; provided that the number of counterparties to Contract or Lease on the Assumption Notice shall be limited to no more than 100.

b.      Content of Assumption Notice. The Assumption Notice shall be substantially in the form attached as Exhibit 2 to the proposed order. With respect to Real Property Leases, the Assumption Notice shall set forth the following information, to the best of the Debtor's knowledge: (1) the street address of the related real property; (2) the

Page (7)
Debtor:               L'OCCITANE, INC.
Case No.              21-10632-MBK
Caption of Order:     ORDER AUTHORIZING AND APPROVING PROCEDURES FOR
                      REJECTION AND ASSUMPTION OF EXECUTORY CONTRACTS
                      AND UNEXPIRED LEASES

name and address of the landlord (the "Landlord"); and for all Leases and Contracts, (3) the Contract or Lease to be assumed; (4) the names and addresses of the counterparties to such Contract or Lease; (5) the identity of the proposed assignee of such Contract or Lease (the "Assignee"), if applicable; (6) the effective date of the assumption for each such Contract or Lease (the "Assumption Date"); (7) the proposed cure amount, if any for each such Contract or Lease (the "Cure Amount"); (8) a description of any material amendments to the Contract or Lease made outside of the ordinary course of business by mutual agreement of the parties; and (9) the deadlines and procedures for filing objections to the Assumption Notice (as set forth below); and (10) adequate assurance of future performance information for the Debtor or the Assignee, as applicable. Each Assumption Notice will be accompanied by a copy of the proposed order approving the assumption of the Contracts and/or Leases set forth on the Assumption Notice (each such order, an "Assumption Order"), substantially in the form attached to the Assumption Notice as Exhibit A. The Assumption Notice may list multiple Contracts or Leases; provided that the number of counterparties to Contracts and Leases listed on the Assumption Notice shall be limited to no more than 100.

c.    <u>Objections</u>.    Should a party in interest object to the Debtor's proposed assumption of a Contract or Lease, such party must file and serve a written objection (an "Objection") so that such objection is filed with the Court and actually received by the following parties no later than fourteen (14) calendar days after the date the Assumption Notice is filed (the "Assumption Objection Deadline"): (1) proposed attorneys for the Debtor, Fox Rothschild LLP, 49 Market Street, Morristown, NJ 07960, Attn: Mark E. Hall, Esq., and 2000 Market Street, 20th Floor, Philadelphia, PA 19103, Attn: Martha B. Chovanes, Esq.; (2) Office of the United States Trustee, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey 07102, Attn: Jeffrey M. Sponder, Esq. and Lauren Bielskie, Esq.; and (3) counsel to any official committee appointed in this chapter 11 case (collectively, the "Objection Notice Parties"). Each Objection must state with specificity the grounds for objecting to the proposed assumption of the Contract or Lease.

Page (8)

Debtor:         L'OCCITANE, INC.
Case No.       21-10632-MBK
Caption of Order:   ORDER AUTHORIZING AND APPROVING PROCEDURES FOR
REJECTION AND ASSUMPTION OF EXECUTORY CONTRACTS
AND UNEXPIRED LEASES

---

      d.    <u>Effects of Failing to File an Objection to an Assumption Notice</u>.  If no Objection to an Assumption Notice is timely filed and served, the Debtor may submit the Assumption Order to the Court providing that the applicable Contract or Lease shall be deemed assumed on the effective date set forth in the Assumption Notice (the "Assumption Date") or such other date as the Debtor and the counterparty or counterparties to such Contracts or Leases agree and the proposed cure amount shall be binding on all counterparties to such Contract or Lease and no amount in excess thereof shall be paid for cure purposes; provided that the Assumption Date for a lease of nonresidential real property shall not occur earlier than the date the Debtor filed and served the applicable Assumption Notice.

      e.    <u>Effects of Filing an Objection to an Assumption Notice</u>.  If a timely Objection to an Assumption Notice is filed and received in accordance with the Assumption Procedures, the Debtor shall schedule a hearing on such Objection and shall provide at least seven (7) days' notice of such hearing to the objecting party and the Objection Notice Parties.  If the Court upholds the Debtor's determination to assume the applicable Contract or Lease, then the applicable Contract or Lease shall be deemed assumed (i) as of the Assumption Date; or (ii) as otherwise determined by the Court as set forth in any order overruling such Objection.

      f.    <u>Consent Orders</u>.  Any Objection may be resolved without a hearing by an order of the Court submitted on a consensual basis by the Debtor and the objecting party.

4.      The form of Rejection Notice attached hereto as **<u>Exhibit 1</u>** is hereby approved.

5.      The form Assumption Notice attached hereto as **<u>Exhibit 2</u>** is hereby approved.

6.      The Debtor is hereby authorized to execute and deliver all instruments and documents, and take such other actions, as may be necessary or appropriate to implement and effectuate the Rejection and Assumption Procedures as approved by this Order.

7.      With regard to Contracts or Leases to be assigned, pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the assignment of any Contract or Lease shall: (a) be free and clear

Page (9)
Debtor:                          L'OCCITANE, INC.
Case No.                      21-10632-MBK
Caption of Order:        ORDER AUTHORIZING AND APPROVING PROCEDURES FOR
                                    REJECTION AND ASSUMPTION OF EXECUTORY CONTRACTS
                                    AND UNEXPIRED LEASES

---

of (i) all liens (and any liens shall attach to the proceeds in the same order and priority subject to

all existing defenses, claims, setoffs, and rights) and (ii) any and all claims (as that term is defined

in section 101(5) of the Bankruptcy Code), obligations, demands, guarantees of or by the Debtor,

debts, rights, contractual commitments, restrictions, interests, and matters of any kind and nature,

whether arising prior to or subsequent to the commencement of these chapter 11 cases, and whether

imposed by agreement, understanding, law, equity, or otherwise (including, without limitation,

claims, and encumbrances that purport to give to any party a right or option to effect any forfeiture,

modification, or termination of the interest of any Debtor or Assignee, as the case may be, in the

Contract(s) (but only in connection with the assignment by the Debtor to the Assignee)), provided,

however, that any sale or assignment shall not be free and clear of any accrued but unbilled rent

and charges under a lease of non-residential real property including adjustments, taxes, percentage

rent, reconciliations, or other year-end adjustments or unbilled charges that may have accrued

under the Leases prior to the assignment of the Leases, or are accruing, but which have not yet

been billed, and indemnity obligations, liability for which shall be assumed by the Debtor or the

applicable Assignee, as agreed by and among the Debtor and the applicable Assignee, and (b)

constitutes a legal, valid, and effective transfer of such Contract or Lease and vests the applicable

Assignee with all rights, titles, and interests to the applicable Contract or Lease. For the avoidance

of doubt, all provisions of the applicable assigned Contract or Lease, including any provision

limiting assignment, shall be binding on the applicable Assignee.

Page (10)
Debtor:                   L'OCCITANE, INC.
Case No.                  21-10632-MBK
Caption of Order:         ORDER AUTHORIZING AND APPROVING PROCEDURES FOR
                          REJECTION AND ASSUMPTION OF EXECUTORY CONTRACTS
                          AND UNEXPIRED LEASES

---

8.      Entry of this Order is without prejudice to the rights of the Debtor, including but not limited to, the right to seek further, other, or different relief regarding any Contract or Lease pursuant to, among other things, section 365 of the Bankruptcy Code.

9.      All rights and defenses of the Debtor are preserved, including all rights and defenses of the Debtor with respect to a claim for damages arising as a result of the rejection of a Contract or Lease, including any right to assert an offset, recoupment, counterclaim or deduction. In addition, nothing in this Order or the Motion shall limit the Debtor's ability to subsequently assert that any particular Contract or Lease is terminated and is no longer an executory contract or unexpired lease.

10.     Notwithstanding the relief granted herein and any actions taken hereunder, nothing in the Motion or this Order shall constitute, nor is it intended to constitute: (1) an admission as to the validity or priority or any claim against the Debtor; (2) a waiver of the Debtor's rights to dispute any claim; or (3) a rejection, assumption or assumption and assignment of any Contract or Lease pursuant to section 365 of the Bankruptcy Code.

11.     Approval of the Contract Procedures and this Order does not prevent the Debtor from seeking to reject or assume a Contract by separate motion.

12.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13.     Pursuant to D.N.J. LBR 9013-5(e), any party may move for modification of this Order.

118918455.v4

Page (2)
Debtor:                    L'OCCITANE, INC.
Case No.                   21-10632-MBK
Caption of Order:          ORDER AUTHORIZING AND APPROVING PROCEDURES FOR
                           REJECTION AND ASSUMPTION OF EXECUTORY CONTRACTS
                           AND UNEXPIRED LEASES

---

14.     This Court retains jurisdiction with respect to all matters arising from or related to

the enforcement and implementation of this Order.

## EXHIBIT 1

**FORM OF REJECTION NOTICE**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
Caption in Compliance with D.N.J. LBR 9004-1(b)

**FOX ROTHSCHILD LLP**
49 Market St.
Morristown, NJ 07960
Mark E. Hall, Esq.
Martha B. Chovanes, Esq.
Michael R. Herz, Esq.
mhall@foxrothschild.com
mchovanes@foxrothschild.com
mherz@foxrothschild.com
Telephone:  (973) 992-4800
Facsimile:  (973) 992-9125
*Proposed Counsel for L'Occitane, Inc.*

| | |
|---|---|
| In re:<br><br>L'OCCITANE, INC.,<br><br>                              Debtor. | Chapter 11<br><br>Case No. 21-10632-MBK<br><br>Judge:  Michael B. Kaplan |

**NOTICE OF REJECTION OF**
**EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

> **THIS NOTICE SEEKS TO REJECT CONTRACTS**
> **AND LEASES.  RECIEPIENTS OF THIS**
> **REJECTION NOTICE SHOULD CHECK**
> **SCHEDULE 1 TO DETERMINE IF YOUR**
> **NAME(S) OR LEASE(S) OR CONTRACTS(S) ARE**
> **CONTAINED THEREIN.**

**TO:**   **The Parties Identified on Schedule 1 Attached Hereto:**

        **PLEASE  TAKE  NOTICE**  that  on  [_____],  2021,  the  United  States

Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") entered an order

[Docket No. _____] (the "Procedures Order") granting the Debtor's Motion for Entry of an Order

118918455.v4

Authorizing and Approving Procedures for Rejection of Executory Contracts and Unexpired
Leases [Docket No. _____] (the "Motion"), approving certain procedures for the rejection of
executory contracts and unexpired leases of the Debtor. The Procedures Order is Attached Hereto
As **Exhibit A**.

      **PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Procedures
Order, the above-captioned debtor and debtor in possession (the "Debtor") hereby provides notice
of its intent to reject the Contracts and/or Leases identified on **Schedule 1** hereto (the "Contracts
and Leases").

      **PLEASE TAKE FURTHER NOTICE** that should you object to the Debtor's rejection
of a Contract or Lease identified on **Schedule 1** hereto, you must file and serve a written objection
on: (1) proposed attorneys for the Debtor, Fox Rothschild LLP, 49 Market Street, Morristown, NJ
07960, Attn: Mark E. Hall, Esq., and 2000 Market Street, 20th Floor, Philadelphia, PA 19103, Attn:
Martha B. Chovanes, Esq.; (2) Office of the United States Trustee, One Newark Center, 1085
Raymond Boulevard, Suite 2100, Newark, New Jersey 07102, Attn: Jeffrey M. Sponder, Esq. and
Lauren Bielski, Esq.; and (3) counsel to any official committee appointed in this chapter 11 case
(collectively, the "Objection Notice Parties"), so that such objection is filed with the Bankruptcy
Court and received by the Objection Notice Parties no later than [_____], 2021,
which is fourteen (14) days after the date that the Debtor filed and served this Rejection Notice.

      **PLEASE TAKE FURTHER NOTICE** that absent an objection being filed and served in
compliance with the Procedures Order, the Rejected Contracts and Leases will be rejected pursuant
to section 365(a) of the Bankruptcy Code effective as of the date set forth on Schedule 1 to this
Rejection Notice (the "Rejection Date"), provided, however, the Rejection Date shall be the later
of (i) the date the Debtor file and serve this Rejection Notice; (ii) the date Debtor relinquishes

2

control of the applicable Leased Premises by notifying the affected Landlord in writing of the Debtor's irrevocable surrender of the premises; and (iii) the proposed rejection effective date.

**PLEASE TAKE FURTHER NOTICE** that if an objection is timely filed and served on the Objection Notice Parties as specified above, and cannot be resolved, the Debtor shall seek a hearing on such objection and shall provide at least seven (7) days' notice of such hearing to the objecting party and the Objection Notice Parties. If such objection is overruled by the Bankruptcy Court or withdrawn, the rejection of the Rejected Leases shall be deemed effective (a) as of the Rejection Date, or (b) as otherwise determined by the Bankruptcy Court as set forth in any order overruling such objection.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the terms of the Procedures Order, if the Debtor has deposited monies with you as a security deposit or other arrangement, you may not setoff, recoup or otherwise use such deposit without prior authorization from the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the terms of the Procedures Order, for any claim that you may assert against the Debtor as a result of the rejection of any Rejected Contract or Lease, you must submit a proof of claim for damages arising from such rejection on or before the later of (i) the deadline for filing proofs of claim established by the Bankruptcy Court in the Debtor's chapter 11 case, or (ii) thirty (30) days after entry of the Rejection Order. If you do not timely file such proof of claim, you will not be treated as a creditor with respect to such claim for voting on any chapter 11 plan in the Debtor's chapter 11 case and shall be forever barred from asserting a claim for rejection damages arising from the rejection of the Rejected Contract and Leases or from participating in any distributions that may be made in connection with this chapter 11 case.

118918455.v4

Dated:              , 2021

Respectfully submitted,

**FOX ROTHSCHILD LLP**
*Proposed Attorneys for Debtor
and Debtor in Possession*


/s/
_____
Mark E. Hall
Martha B. Chovanes
Michael E. Herz

4

**SCHEDULE 1**

| REJECTION SCHEDULE | | | | |
|---|---|---|---|---|
| **Counterparty** | **Counterparty Address** | **Title/Description of Lease** | **Property to be Abandoned (if applicable)** | **Rejection Date** |
| | | | | |
| | | | | |

| PROPERTY TO BE ABANDONED | |
|---|---|
| Description of Property to be Abandoned (if applicable) | Counterparty to Personal Property Lease (if applicable) |
| | |
| | |

**EXHIBIT B TO REJECTION NOTICE**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

**FOX ROTHSCHILD LLP**
49 Market St.
Morristown, NJ 07960
Mark E. Hall, Esq.
Martha B. Chovanes, Esq.
Michael R. Herz, Esq.
mhall@foxrothschild.com
mchovanes@foxrothschild.com
mherz@foxrothschild.com
Telephone:  (973) 992-4800
Facsimile:  (973) 992-9125
*Proposed Counsel for L'Occitane, Inc.*

In re:

L'OCCITANE, INC.,

                    Debtor.

Chapter 11

Case No. 21-10632-MBK

Judge:  Michael B. Kaplan

## ORDER AUTHORIZING AND APPROVING
## REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND
## ABANDONMENT OF PROPERTY IN CONNECTION THEREWITH

       The relief set forth on the following pages, numbered two (2) through four (4), is hereby

**ORDERED**.

Pursuant to and in accordance with the *Order Authorizing Procedures for Rejection and Assumption of Executory Contracts and Unexpired Leases Establishing Procedures for the Rejection of Executory Contracts and Unexpired Leases* [Docket No. _____] (the "Procedures Order");[1] and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §157 and 1334; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of these cases and this matter is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtor having properly filed and served a "Notice of Rejection of Executory Contracts and/or Unexpired Leases" [Docket No. ____] (the "Rejection Notice") in accordance with the terms of the Procedures Order in respect of the rejection of the executory contracts (the "Contracts") and/or unexpired leases (the "Leases") set forth on **Exhibit 1** hereto; and no timely objections having been filed to the rejection of the Contracts and Leases; and it appearing that due and adequate notice of the Procedures Order and the Rejection Notice has been given, and that no other or further notice need be given; and the Court having determined that the rejections provided for herein are an appropriate exercise of the Debtor's business judgment; and after due deliberation, and good and sufficient cause appearing therefor, it is hereby **ORDERED, ADJUDGED, AND DECREED THAT**:

1.      Contracts and Leases listed on **Exhibit 1** hereto are hereby rejected effective as of the dates set forth for such Contracts and Leases listed on **Exhibit 1** hereto (the "Rejection Date") provided, however, the Rejection Date shall be the later of (i) the date the Debtor files and serves the Rejection Notice; (ii) the date the Debtor relinquishes control of the applicable Leased

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Procedures Order.

Premises by notifying the affected Landlord in writing of the Debtor's irrevocable surrender of the premises; and (iii) the proposed rejection effective date.

2.      The rights of the Debtor and its estate to assert that the Contracts and Leases rejected hereby expired by their own terms or were terminated prior to the date hereof are fully preserved, and the Debtor and its estate do not waive any rights or claims that they may have with respect to or against the counterparties to such Contracts and Leases, whether or not such rights or claims arise under, are related to the rejection of, or are independent of the Contracts and Leases rejected hereby.

3.      Upon the Rejection Date, any Remaining Property remaining on the Leased Premises shall be deemed abandoned by the Debtor (except the Debtor must remove any items containing personal and/or confidential information prior to the Rejection Date), and the Landlords may use or dispose of any Remaining Property, in their sole discretion, free and clear of all liens, claims, encumbrances, and interests, without any further notice to any party or Court order, and without any liability to the Debtor and its estate and any third party and without waiver of any claim the Landlords may have against the Debtor and its estate.  To the extent applicable, the automatic stay is hereby modified to permit such use or disposition, including but not limited to the transfer of title by the Debtor.  Such Landlords reserve all rights with respect to an property that is required to be removed prior to the Rejection Date.

4.      If any affected counterparty subject to this Order (a "Rejection Claimant") asserts a claim or claims against the Debtor and its estate arising from the rejection of the Contracts and Leases, such Rejection Claimant shall submit a proof of claim on or before the later of (i) the deadline for filing proofs of claims established by the Court in this chapter 11 case or (ii) thirty (30) days after the date of entry of this Order.  If no proof of claim is timely filed, such claimant

shall not be treated as a creditor with respect to such claims for voting on any chapter 11 plan in these chapter 11 case and shall be forever barred from asserting a claim for rejection damages and from participating in any distributions that may be made in connection with the Debtor's bankruptcy case.

5.    The Debtor is authorized to take any action necessary or appropriate to implement the terms of this Order and the rejections without further order from this Court.

6.    This Court shall retain exclusive jurisdiction and power to resolve any dispute arising from or related to this Order.

# **EXHIBIT 2**

**Form of Assumption Notice**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

**FOX ROTHSCHILD LLP**
49 Market St.
Morristown, NJ 07960
Mark E. Hall, Esq.
Martha B. Chovanes, Esq.
Michael R. Herz, Esq.
mhall@foxrothschild.com
mchovanes@foxrothschild.com
mherz@foxrothschild.com
Telephone:  (973) 992-4800
Facsimile:  (973) 992-9125
*Proposed Counsel for L'Occitane, Inc.*

In re:

L'OCCITANE, INC.,

                              Debtor.

Chapter 11

Case No. 21-10632-MKB

Judge:  Michael B. Kaplan

## NOTICE OF ASSUMPTION OF CERTAIN
## EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES

> **THIS NOTICE SEEKS TO ASSUME OR ASSUME
> AND ASSIGN CONTRACTS AND LEASES.
> RECIEPIENTS OF THIS ASSUMPTION NOTICE
> SHOULD CHECK SCHEDULE 1 TO DETERMINE
> IF YOUR NAME(S) OR LEASE(S) OR
> CONTRACTS(S) ARE CONTAINED THEREIN.**

**TO:     The Parties Identified on Schedule 1 Attached Hereto:**

**PLEASE TAKE NOTICE** that on [          ], 2021, the United States Bankruptcy Court

for the District of New Jersey (the "Court") entered an order on the motion (the "Motion")[2] of

---

[2] Capitalized terms used in this Notice and not immediately defined have the meanings given to such terms in the Motion or in the Tanini Declaration, as applicable.

debtor and debtor in possession (the "Debtor"), pursuant to Sections 105(a), 363, 365, and 554 of

the Bankruptcy Code and Bankruptcy Rule 6006 approving expedited procedures for the rejection,

assumption, or assumption and assignment of executory contracts and unexpired leases and

granting related relief [Docket No. _____] (the "Procedures Order") attached hereto as

**Exhibit A**.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Procedures Order and by this

written notice (this "Assumption Notice"), the Debtor hereby notifies you that it has determined,

in the exercise of its business judgment, that each Contract or Lease set forth on **Schedule 1**

attached hereto is hereby assumed or assumed and assigned effective as of the date (the

"Assumption Date") set forth in **Schedule 1**, or such other date as the Debtor and the counterparties

to such Contracts agree.

PLEASE TAKE FURTHER NOTICE that, the [Debtor/Assignee], has the financial

wherewithal to meet all future obligations under the Contract, thereby demonstrating that the

Debtor or Assignee has the ability to comply with the requirements of adequate assurance of future

performance.

PLEASE TAKE FURTHER NOTICE that, parties seeking to object to the proposed

assumption or assumption and assignment of any of the Contracts or Leases must file and serve a

written objection on (1) proposed attorneys for the Debtor, Fox Rothschild LLP, 49 Market Street,

Morristown, NJ 07960, Attn: Mark E. Hall, Esq., and 2000 Market Street, 20th Floor, Philadelphia,

PA 19103, Attn: Martha B. Chovanes, Esq.; (2) Office of the United States Trustee, One Newark

Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey 07102, Attn: Jeffrey M.

Sponder, Esq. and Lauren Bielskie, Esq.; and (3) counsel to any official committee appointed in

this chapter 11 case (collectively, the "Objection Notice Parties"), so that such objection is filed

with the Bankruptcy Court and received by the Objection Notice Parties no later than

[_____], 2021, which is fourteen (14) days after the date that the Debtor filed and

served this Assumption Notice. Only those responses that are timely filed, served, and received

will be considered at the hearing.

PLEASE TAKE FURTHER NOTICE that, absent an objection being timely filed, the

assumption of each Contract or Lease shall become effective on the Assumption Date set forth in

**Schedule 1** or such other date as the Debtor and the counterparty or counterparties to such Contract

or Lease agree, or such other date as the Court may so order.[3]

PLEASE TAKE FURTHER NOTICE that, if an objection to the assumption of any

Contract or Lease is timely filed and not withdrawn or consensually resolved, the Debtor shall file

a notice for a hearing to consider the objection for such Contract or Lease. If such objection is

overruled or withdrawn, such Contract or Lease shall be assumed as of the Assumption Date set

forth in **Schedule 1** or such other date as the Debtor and the counterparty or counterparties to such

Contract or Lease agree.

*[Remainder of page intentionally left blank]*

---

[3] An objection to the assumption of any particular Contract or Lease listed in this Assumption Notice shall not constitute an objection to the assumption of any other Contract or Lease listed in this Assumption Notice. Any objection to the assumption of any particular Contract or Lease listed in this Assumption Notice must state with specificity the Contract or Lease to which it is directed. For each particular Contract or Lease whose assumption is not timely or properly objected to, such assumption will be effective in accordance with this Assumption Notice and the Procedures Order.

Dated: _____, 2021          **FOX ROTHSCHILD LLP**

_____

Mark E. Hall
Martha B. Chovanes
Michael R. Herz

*Proposed Counsel for Debtor L'Occitane,
Inc.*

**SCHEDULE 1**

| ASSUMPTION SCHEDULE | | | | | |
|---|---|---|---|---|---|
| Counterparty | Counterparty Address | Title/Description of Lease or Contract | Property to be Abandoned (if applicable) | Assumption Date | Cure Amount |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

| PROPERTY TO BE ABANDONED (if Applicable) | |
|---|---|
| Description of Property to be Abandoned (if applicable) | Counterparty to Personal Property Lease (if applicable) |
|  |  |
|  |  |
|  |  |

**EXHIBIT B TO ASSUMPTION NOTICE**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

**FOX ROTHSCHILD LLP**
49 Market St.
Morristown, NJ 07960
Mark E. Hall, Esq.
Martha B. Chovanes, Esq.
Michael R. Herz, Esq.
mhall@foxrothschild.com
mchovanes@foxrothschild.com
mherz@foxrothschild.com
Telephone:  (973) 992-4800
Facsimile:   (973) 992-9125
*Proposed Counsel for L'Occitane, Inc.*

In re:

L'OCCITANE, INC.,

                      Debtor.

Chapter 11

Case No. 21-10632-MBK

Judge:  Michael B. Kaplan

## ORDER AUTHORIZING AND APPROVING
## ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

    The relief set forth on the following pages, numbered two (2) through three (3), is hereby

**ORDERED**.

118918455.v4

Pursuant to and in accordance with the *Order Authorizing Procedures for Rejection and Assumption of Executory Contracts and Unexpired Leases Establishing Procedures for the Rejection of Executory Contracts and Unexpired Leases* [Docket No. ____] (the "Procedures Order");[5] and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §157 and 1334; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of these cases and this matter is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtor having properly filed and served a "Notice of Assumption of Executory Contracts and/or Unexpired Leases" [Docket No. ___] (the "Assumption Notice") in accordance with the terms of the Procedures Order in respect of the rejection of the executory contracts (the "Contracts") and/or unexpired leases (the "Leases") set forth on **Exhibit 1** hereto; and no timely Objections having been filed to the assumption or assumption and assignment of the Contracts and Leases, or such Objections having been overruled; and it appearing that due and adequate notice of the Procedures Order and the Assumption Notice has been given, and that no other or further notice need be given; and the Court having determined that the assumption or assumptions and assignments provided for herein are an appropriate exercise of the Debtor's business judgment; and after due deliberation, and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT**:

---

[5] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Procedures Order.

118918455.v4

1.      Contracts and Leases listed on **Exhibit 1** hereto are hereby assumed or assumed and assigned effective as of the dates set forth for such Contracts and Leases listed on **Exhibit 1** hereto (the "Assumption Date").

2.      It is determined that the [Debtor/Assignee] has the financial wherewithal to meet all future obligations under the Contract or Lease, thereby complying with the requirements of adequate assurance of future performance.

3.      The [Debtor/Assignee] must pay any Cure Amount or such other amount as the [Debtor/Assignee] and the Lease or Contract counterparty have agreed to or has been adjudicated by Order of the Bankruptcy Court prior to the assumption or assumption and assignment being effective.

4.      The Debtor and its estate do not waive any rights or claims that they may have with respect to or against the counterparties to such Contracts and Leases, whether or not such rights or claims arise under, are related to the assumption of, or are independent of the Contracts and Leases assumed or assumed and assigned hereby.

5.      The Debtor is authorized to take any action necessary or appropriate to implement the terms of this Order and the assumptions and assumption and assignments without further order from this Court.

6.      This Court shall retain exclusive jurisdiction and power to resolve any dispute arising from or related to this Order.

118918455.v4