**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
Caption in Compliance with D.N.J. LBR 9004-1(b)

**FOX ROTHSCHILD LLP**
49 Market St.
Morristown, NJ 07960
Mark E. Hall, Esq.
Martha B. Chovanes, Esq.
Michael R. Herz, Esq.
mhall@foxrothschild.com
mchovanes@foxrothschild.com
mherz@foxrothschild.com
Telephone:  (973) 992-4800
Facsimile:  (973) 992-9125
*Proposed Counsel for L'Occitane, Inc.*

In Re:

L'OCCITANE, INC.,

           Debtor.

Chapter 11

Case No. 21-10632

Judge:  Hon. Michael B. Kaplan

**DEBTOR' APPLICATION FOR ENTRY OF AN ORDER
AUTHORIZING THE EMPLOYMENT AND RETENTION
OF STRETTO AS ADMINISTRATIVE ADVISOR FOR THE
DEBTOR *NUNC PRO TUNC* TO THE PETITION DATE**

L'Occitane, Inc., as debtor and debtor in possession (the "**Debtor**") in the above-captioned chapter 11 case (collectively, the "**Chapter 11 case**") hereby files this application (the "**Application**") for entry of an order, substantially in the form submitted herewith (the "**Proposed Order**"), pursuant to sections 327(a) and 328(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), authorizing the Debtor to employ and retain Stretto ("**Stretto**")[1] as administrative advisor ("**Administrative Advisor**") for the Debtor, effective *nunc*

---

[1] Stretto is the trade name of Bankruptcy Management Solutions, Inc. and its subsidiaries.

118742200.v2

118742200.v3

*pro tunc* to January 26, 2021 (the "**Petition Date**"), in accordance with the terms and conditions set forth in that certain Engagement Agreement between the Debtor and Stretto (the "**Engagement Agreement**"), a copy of which is attached as **Exhibit 1** to the *Declaration of Sheryl Betance in Support of the Debtor' Application for Entry of an Order Authorizing the Employment and Retention of Stretto as Administrative Advisor for the Debtor Nunc Pro Tunc to the Petition Date* the (the "**Betance Declaration**"), a true and complete copy of which is attached hereto as **Exhibit A** and which is incorporated herein by reference. In support of this Application, the Debtor relies on the Betance Declaration and respectfully represents as follows:

## BACKGROUND

1. On the Petition Date, the Debtor commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code. The Debtor continues to operate its business and manage its properties as debtor in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No trustee, examiner, or statutory committee of creditors has been appointed in this chapter 11 case.

## JURISDICTION

1. The United States Bankruptcy Court for the District of New Jersey (this "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 105(a), 327(a), 328(a), 363(b), and 507(a) of the Bankruptcy Code and rules 2014(a), 2016, 6003, and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and District of New Jersey Local Bankruptcy Rule 2014-1 (the "**Local Rules**").

118742200.v2

118742200.v3

3.  The Debtor confirms its consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## RELIEF REQUESTED

4.  By this Application, the Debtor seeks entry of the Proposed Order authorizing the Debtor to employ and retain Stretto as its Administrative Advisor in the Chapter 11 case, effective *nunc pro tunc* to the Petition Date, on the terms and conditions set forth in this Application and in the Betance Declaration.

5.  Stretto is comprised of leading industry professionals with significant experience in both the legal and administrative aspects of large, complex chapter 11 case. Stretto's professionals have experience in noticing, claims administration, solicitation, balloting and facilitating other administrative aspects of chapter 11 case and experience in matters of this size and complexity. Stretto has acted as the administrative advisor in many large bankruptcy cases pending in districts nationwide, including: *In re Furniture Factory Ultimate Holding, L.P., et al.,* Case No. 20-12816 (JTD) (Bankr. D. Del. Jan. 5, 2021); *In re NS8 Inc.,* Case No. 20-12702 (CSS) (Bankr. D. Del. Dec. 3, 2020); *In re Rubio's Restaurants, Inc., et al.,* Case No. 20-12688 (MFW) (Bankr. D. Del. Nov. 18, 2020); *In re NinePoint Medical, Inc.* Case No. 20-12618 (KBO) (Bankr. D. Del. Nov. 19, 2020); *In re Impresa Holdings Acquisition Corporation, et al.,* Case No. 20-12399 (BLS) (Bankr. D. Del. Oct. 19, 2020); *In re Century 21 Department Stores LLC, et al.,* Case No. 20-12097 (SCC) (Bankr. S.D.N.Y. Nov. 5, 2020); *In re Le Tote, Inc.,* Case No. 20-33332 (KLP) (Bankr. E.D. Va. Sept. 17, 2020); *In re VIVUS, Inc.,* Case No. 20-11779 (LSS) (Bankr. D. Delaware August 24, 2020); *In re Maines Paper & Food Service, Inc.,* Case No. 20-11502 (KBO)

118742200.v2

118742200.v3

(Bankr. D. Del. August 3, 2020); *In re APC Automotive Technologies Intermediate Holdings, LLC,* Case No. 20-11466 (CSS) (Bankr. D. Del. July 7, 2020); *In re Superior Air Charter, LLC,* Case No. 20-11007 (CSS) (Bankr. D. Del. May 21, 2020); *In re Ravn Air Group, Inc.,* Case No. 20-10755 (BLS) (Bankr. D. Del. May 18, 2020).

## SERVICES TO BE PROVIDED

6.    Pursuant to the Engagement Agreement, the Debtor seeks to retain Stretto to provide, among other things, the following bankruptcy solicitation and administration services, if and to the extent requested:

    a.    Assist with, among other things, claims management and reconciliation, plan solicitation, balloting, disbursements, and tabulation of votes, and prepare any related reports, as required in support of confirmation of a chapter 11 plan, and in connection with such services, process requests for documents from parties in interest, including, if applicable, brokerage firms, bank back-offices and institutional holders;

    b.    Prepare an official ballot certification and, if necessary, testify in support of the ballot tabulation results;

    c.    Assist with the preparation of the Debtor' schedules of assets and liabilities and statements of financial affairs and gather data in conjunction therewith;

    d.    Provide a confidential data room, if requested;

    e.    Manage and coordinate any distributions pursuant to a chapter 11 plan; and

    f.    Provide such other processing, solicitation, balloting and other administrative services described in the Engagement Agreement, but not included in the Section 156(c) application, as may be requested from time to time by the Debtor, the Court or the Office of the Clerk of the United States Bankruptcy Court for the District of New Jersey (the "Clerk").

7.    Stretto's appointment as Administrative Advisor will provide the Debtor with experienced professionals and services that are essential to successful chapter 11 case. Stretto will coordinate with the Debtor's other retained professionals in these cases to avoid any unnecessary

duplication of services.  Accordingly, the relief requested in this application is in the best interests of the Debtor's estate and all parties in interest.

## **PROFESSIONAL COMPENSATION**

8. The fees Stretto will charge in connection with providing services to the Debtor are set forth in the Engagement Agreement.  The Debtor respectfully submits that Stretto's rates are competitive and comparable to the rates its competitors charge for similar services.  Indeed, the Debtor conducted a review and competitive comparison of other firms and reviewed the rates of other firms before selecting Stretto as Administrative Advisor.  The Debtor believes Stretto's rates are more than reasonable given the quality of Stretto's services and its professionals' bankruptcy expertise.  Additionally, Stretto will seek reimbursement from the Debtor for reasonable expenses in accordance with the terms of the Engagement Agreement.

9. Stretto intends to apply to the Court for allowance of compensation and reimbursement of expenses incurred after the Petition Date in connection with the services it provides as Administrative Advisor pursuant to the Engagement Agreement.  Stretto will comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any orders entered in this chapter 11 case regarding professional compensation and reimbursement of expenses.

10. Additionally, under the terms of the Engagement Agreement, the Debtor has agreed to indemnify, defend and hold harmless Stretto and its members, directors, officers, employees, representatives, affiliates, consultants, subcontractors, and agents under certain circumstances specified in the Engagement Agreement, except in circumstances resulting solely from Stretto's gross negligence, willful misconduct, or as otherwise provided in the Engagement Agreement.

The Debtor believes that such an indemnification obligation is customary, reasonable and necessary to retain the services of an Administrative Advisor in this chapter 11 case.

**DISINTERESTEDNESS**

11. Stretto has conducted a conflicts analysis to determine whether it has any relationships with the creditors and parties in interest provided by the Debtor, and, to the best of the Debtor's knowledge, information, and belief, and except as disclosed in the Betance Declaration, Stretto is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent any interest materially adverse to the Debtor's estate in connection with any matter on which it would be employed.

12. Stretto believes that it does not have any relationships with creditors or parties in interest that would present a disqualifying conflict of interest. Stretto will supplement its disclosure to the Court if any facts or circumstances are discovered that would require such additional disclosure.

**BASIS FOR RELIEF**

13. Section 327(a) of the Bankruptcy Code provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

14. Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the

118742200.v2

118742200.v3

> professional services to be rendered, and proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee.

Fed. R. Bankr. P. 2014.

15. In light of the size and complexity of this chapter 11 case, the Debtor respectfully submits that retaining and employing Stretto pursuant to the terms of the Engagement Agreement is necessary and in the best interests of the Debtor's estate and all parties in interest to this chapter 11 case. The Debtor also believes that the terms and conditions of the Engagement Agreement are reasonable in light of the anticipated high volume of creditors and other parties-in-interest that will be involved in this case.

16. The Debtor previously filed an application [Docket No. 6] (the "**Section 156(c) Application**") for an order appointing Stretto as claims and noticing agent pursuant to section 156(c) of title 28 of the United States Code and section 105(a) of the Bankruptcy Code, which application was granted by this Court on January 28, 2021 [Docket No. 43]. The Debtor believes that administration of this chapter 11 case will require Stretto to perform duties outside of the scope requested in the Section 156(c) Application. Accordingly, to help manage administrative tasks with respect to the thousands of creditors and other parties in interest that are expected to be involved in the Debtor' chapter 11 case, and the complexity of such cases, the Debtor respectfully requests the Court enter an order appointing Stretto as the Administrative Advisor in this chapter 11 case pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016 and D.N.J. LBR 2014-1.

## MOTION PRACTICE

17. This Application includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this motion. Accordingly, the Debtor submits that this Application satisfies [Local Rule 9013-1(a)].

## NOTICE

18. The Debtor will provide notice of this Application to (i) the United States Trustee; (ii) Debtor's 20 largest unsecured creditors; (iii) all parties requesting notice; and (iv) any other party as directed by the Court. The Debtor respectfully submits that no other or further notice is required.

## NO PRIOR REQUEST

19. No previous request for the relief sought herein has been made to this Court or any other court.

WHEREFORE, the Debtor respectfully requests entry of an order, substantially in the form submitted herewith, granting the relief requested herein and such other relief as this Court may deem just and appropriate.

Dated:  February 12, 2021             **FOX ROTHSCHILD LLP**

*Proposed Counsel to the Debtor and Debtor-in-Possession*

By:     /s/ Martha B. Chovanes
        Mark E. Hall, Esq.
        Martha B. Chovanes, Esq.
        Michael R. Herz, Esq.

118742200.v2

118742200.v3