**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

**FOX ROTHSCHILD LLP**
49 Market St.
Morristown, NJ 07960
Mark E. Hall, Esq.
Martha B. Chovanes, Esq.
Michael R. Herz, Esq.
mhall@foxrothschild.com
mchovanes@foxrothschild.com
mherz@foxrothschild.com
Telephone: (973) 992-4800
Facsimile: (973) 992-9125
*Proposed Counsel for L'Occitane, Inc.*

**Order Filed on February 18, 2021
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

In Re:

L'OCCITANE, INC.,

                Debtor.

Chapter 11

Case No. 21-10632-MBK

Judge: Michael B. Kaplan

# ORDER ESTABLISHING CASE MANAGEMENT AND ADMINISTRATIVE PROCEDURES

    The relief set forth on the following pages, numbered two (2) through twelve (12), is hereby **ORDERED**.

**DATED: February 18, 2021**

*/s/ Michael B. Kaplan*
Honorable Michael B. Kaplan
United States Bankruptcy Judge

119060605.v4

DEBTOR:  L'Occitane, Inc.
CASE NO: 21-10632-MBK
CAPTION OF ORDER: ORDER ESTABLISHING CASE MANAGEMENT AND ADMINISTRATIVE PROCEDURES

Upon consideration of the application (the "Application") of the above-captioned debtor and debtor-in-possession (the "Debtor") for entry of an order designating the within matter as a Complex Chapter 11 Case pursuant to General Order Governing Procedures for Complex Chapter 11 Cases (Eff. 12/01/09, Wizmur, J.), including Exhibit F (the "Complex Case Procedures Order"); and the Court having entered an Order Granting Complex Chapter 11 Treatment on January 28, 2021; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* dated as of September 18, 2012; and it appearing that the procedures set forth herein will enhance the efficient administration of this case; and it further appearing that the procedures set forth herein are consistent with and are authorized by the Complex Case Procedures Order; and the Court having determined that the relief set forth herein is in the best interests of the Debtor, its estate and creditors; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

A.    *Omnibus Hearing Dates*

1.    The Court will conduct omnibus hearings every month in the Debtor's Chapter 11 Case at 11:00 a.m. on the following dates: Wednesday, March 3, 2021; Tuesday, March 30, 2021; Wednesday April 7, 2021 and Tuesday, April 27, 2021 (collectively, the "Omnibus Hearing Dates" and each individually, an "Omnibus Hearing Date"). The Omnibus Hearing Dates shall be published on the Court's website

119060605.v4

DEBTOR:  L'Occitane, Inc.
CASE NO: 21-10632-MBK
CAPTION OF ORDER: ORDER ESTABLISHING CASE MANAGEMENT AND ADMINISTRATIVE PROCEDURES

and on the website of the Debtor's claims and noticing agent at https://cases.stretto.com/L'Occitane.

2. Additional Omnibus Hearing Dates may be scheduled by the Court, if necessary. To the extent possible, any matter requiring a hearing in this case shall be set for and be heard on an Omnibus Hearing Date, unless an alternative hearing date is approved by the Court for good cause shown. Nothing herein, however, shall affect any hearing date established prior to the entry of this Order.

B. *Expedited Hearings*

3. If a party in interest has an emergency or other situation that it believes requires consideration on less than the 21-day notice required by D.N.J. LBR 9013-2(a), such party shall file and serve a separate written application to shorten time in respect of the underlying motion in the form provided at D.N.J. LBR 9013-2(c).

4. The Court will attempt to rule on any request for shortened time within twenty-four (24) hours of the time such request is presented. If the Court grants the request to shorten time, the underlying motion will be set for the next available Omnibus Hearing Date, or for such other shortened date approved by the Court.

5. Requests for expedited hearings will only be granted under emergency or exigent circumstances.

C. *Compliance With Terms Of Order Establishing Case Management And Administrative Procedures*

6. If any party files papers that contravene the Omnibus Hearing Date procedures established herein such as by, among other things, setting a hearing for a date and time other than an Omnibus Hearing Date without an Order from this

DEBTOR:  L'Occitane, Inc.
CASE NO: 21-10632-MBK
CAPTION OF ORDER: ORDER ESTABLISHING CASE MANAGEMENT AND ADMINISTRATIVE PROCEDURES

Court authorizing such other hearing date for good cause, the Debtor's counsel shall forward a copy of this Order to such person within three (3) business days of receipt of such filing.

7. If the subject filing was made at least twenty-one (21) days before the next Omnibus Hearing Date, then the hearing on such filing shall be held on the next Omnibus Hearing Date. If the filing is less than twenty-one (21) days before the next Omnibus Hearing Date, then the hearing shall be set for the first Omnibus Hearing Date that allows for the required twenty-one (21) days' notice.

8. The movant must provide notice of the corrected hearing date to all affected parties and, thereafter, must file a certificate of service regarding the revised notice.

*D.    Noticing Procedures*

9. Unless otherwise ordered by the Court, all filings in this Debtor's case shall be served by electronic mail upon the following entities (collectively, the "Core Service List"):

    a. The Office of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, NJ 07102, Attn: Jeffrey M. Sponder, Esquire (jeffrey.m.sponder@usdoj.gov) and Lauren Bielskie, Esquire (lauren.bielskie@usdoj.gov);

    b. Counsel for the Debtor, FOX ROTHSCHILD LLP, 49 Market Street, Morristown, NJ 07960 Attn: Mark E. Hall, Esquire (mhall@foxrothschild.com) and Michael R. Herz, Esquire (mherz@foxrothschild.com) and Martha B. Chovanes, Esquire, 2000 Market Street, 20th Floor, Philadelphia, PA 19103-3222 (mchovanes@foxrothschild.com);

119060605.v4

DEBTOR:  L'Occitane, Inc.
CASE NO: 21-10632-MBK
CAPTION OF ORDER: ORDER ESTABLISHING CASE MANAGEMENT AND ADMINISTRATIVE PROCEDURES

    c.    Counsel for the Official Committee of Unsecured Creditors (the "Committee"), COLE SCHOTZ, Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601 Attn: Warren A. Usatine, Esquire (wusatine@coleschotz.com) and Justin R. Alberto, Esquire (jalberto@coleschotz.com) and Seth Van Aalten, Esquire, 1325 Avenue of the Americas, 19th Floor, New York, NY 10019 (svaalten@coleschotz.com);

    d.    Co-chairpersons of the Committee, (i) Simon Property Group, 225 W. Washington Street, Indianapolis, IN 45204 Attn: Ronald Tucker, Esq. (rtucker@simon.com) and (ii) JTRE Holdings Attn: Steven Balasiano, Esq. (steven@balasianolaw.com);

    e.    The Debtor, c/o Yann Tanini, Regional Managing Director, and Ross Novak, Vice President of Finance and Accounting, 111 West 33rd Street, 20th Floor, New York, NY 10120; and

    f.    Any other party or person/entity the Court may direct.

10.    The Debtor's counsel or counsel to the trustee, if one is appointed, must maintain the Core Service List and update it at least every fourteen (14) days during the first sixty (60) days of the case and at least every thirty (30) days thereafter.

11.    Such counsel also must file a Core Service List with the Court every time it is updated and make the list available on the website of the Debtor's claims and noticing agent at https://cases.stretto.com/L'Occitane.

12.    In addition, the Debtor's counsel (or counsel to the trustee, if one is appointed (the "Trustee"), shall also maintain and update a master service list (the "Master Service List") which shall consist of the Core Service List and all other parties that have filed a notice of appearance and request for notices in this Debtor's case. Service on the persons/entities listed on the Master Service List shall be made

119060605.v4

DEBTOR:  L'Occitane, Inc.
CASE NO: 21-10632-MBK
CAPTION OF ORDER: ORDER ESTABLISHING CASE MANAGEMENT AND ADMINISTRATIVE PROCEDURES

only with respect to those matters enumerated in this Order. Debtor's counsel must update the Master Service List at least every fourteen (14) days during the first sixty (60) days of the case and at least every thirty (30) days thereafter.

13. Debtor's counsel (or the Trustee's counsel, as applicable) also must file the Master Service List with the Court each time it is updated and make the list available on the website of the Debtor's claims and noticing agent at https://cases.stretto.com/L'Occitane.

14. The certificate of service for each filing must be filed with the Court together with the complete service list that was utilized for a particular filing. Said certificate of service is not, however, to be served via hard copy on the recipients of the filing.

15. Whether filed conventionally or electronically, summons and complaints, or the initiating motion in a contested matter, shall be served in hard copy format pursuant to Fed. R. Bankr. P. 7004 upon all parties having a particularized interest in the subject of the filing, as well as on parties on the Core Service List.

16. All notices required by subdivisions (a)(2), (3) and (6) of Fed. R. Bankr. P. 2002 and by Fed. R. Bankr. P. 4001 shall be served upon:

    a. Each entity on the Core Service List;

    b. when the notice is of a proposed use, sale, lease or abandonment of property of the estate (or of a hearing thereon), each entity on the Master Service List and each entity having an interest in the property;

    c. when the notice relates to relief from the stay to take action against property of the Debtor's estate, each entity having a lien, encumbrance or interest in the subject property;

119060605.v4

DEBTOR:  L'Occitane, Inc.
CASE NO: 21-10632-MBK
CAPTION OF ORDER: ORDER ESTABLISHING CASE MANAGEMENT AND ADMINISTRATIVE PROCEDURES

      d.      when the notice relates to use of cash collateral or obtaining credit, each entity who has an interest in the cash collateral or each entity who has a lien or other interest in property on which a lien is proposed to be granted;

      e.      when the notice is of a proposed compromise or settlement (or of a hearing thereon), each entity on the Master Service List and each entity who is a party to the compromise or settlement; and

      f.      when the notice is of an application for compensation or reimbursement of expenses (or of a hearing thereon), each entity on the Master Service List and each professional seeking compensation or reimbursement whose retention in this case is authorized by the Court.

      *E.*      *Negative Noticing Procedures*

17. Motions and applications may, in certain instances, be filed establishing a hearing date which shall be effective only if objections to the motion/application are timely filed and served.

18. If no objections are timely filed and served pursuant to deadline established by the Federal Rules of Bankruptcy Procedure, this Order and/or the Local Bankruptcy Rules (which normally provide for the filing and service of an objection or other response at least 7 days prior to the return date of a motion, subject to entry of an order shortening time, and applications to employ professional persons, which normally require an objection to be asserted within 7 days of the filing of the application), except if the retention application is filed within the first 21 days of the filing of the case pursuant to D.N.J. LBR 2014-1(b)), the Court may enter an order granting the relief requested without further notice of hearing ("Negative Notice"). The notice of motion accompanying a motion on Negative Notice must specifically advise parties of the

119060605.v4

Case 21-10632-MBK    Doc 121    Filed 02/18/21    Entered 02/18/21 13:32:49    Desc Main
Document    Page 8 of 12

Page 8 of 12
DEBTOR: L'Occitane, Inc.
CASE NO: 21-10632-MBK
CAPTION OF ORDER: ORDER ESTABLISHING CASE MANAGEMENT AND ADMINISTRATIVE PROCEDURES

objection deadline, and it also must inform the recipient that, if no objections are filed and served by the applicable deadline, the Court may enter an order granting the motion without further notice or hearing.

19. Negative Notice may be used in connection with motions requesting the following types of relief:

    a. rejection of a non-residential real property lease or executory contract pursuant to 11 U.S.C. § 365;

    b. retention and employment of professionals pursuant to 11 U.S.C. § 327 and Local Bankruptcy Rule 2014-1;

    c. extension of deadline to seek removal of actions pursuant to Bankruptcy Rule 9027;

    d. approval of sales of assets outside the ordinary course of business pursuant to 11 U.S.C. § 363 for a purchase price of $100,000.00 or less; and

    e. approval of settlements and compromises pursuant to Bankruptcy Rule 9019 where the settlement amount is less than $50,000.00.

20. Nothing herein shall be construed to limit any party-in-interest's ability to request approval to use Negative Notice procedures in connection with other types of motions that are not enumerated above.

21. If an objection is timely filed and served to a motion on Negative Notice, a hearing will be scheduled for the next Omnibus Hearing Date, unless otherwise ordered by the Court.

F. *Certification of No Objection*

22. After the objection date has passed with no objection filed or served to a motion filed on Negative Notice, counsel for the movant may file a

DEBTOR:  L'Occitane, Inc.
CASE NO: 21-10632-MBK
CAPTION OF ORDER: ORDER ESTABLISHING CASE MANAGEMENT AND ADMINISTRATIVE PROCEDURES

Certification of No Objection stating that no objection has been filed or served on the movant.

23. By filing a Certification of No Objection, counsel for the movant is representing to the Court that the movant is unaware of any objection to the motion or application, and that counsel has reviewed the Court's docket and no objection appears thereon.

24. Upon receipt of a Certification of No Objection, the Court may enter the Order accompanying the motion (or application), without further pleading or hearing.

25. Any scheduled hearing date shall, upon the entry of the Order, be cancelled without further notice.

G. *Notice of Agenda*

26. The Debtor' counsel shall file a proposed Notice of Agenda by no later than 12:00 p.m. on the date that is two (2) business days before each Omnibus Hearing Date.

27. The Notice of Agenda shall list all resolved or continued matters first, ahead of any unresolved matters. Contested matters shall be listed in their order of docketing, and shall include their corresponding docket numbers.

28. All amended Notices of Agenda shall restate the original Notice of Agenda and shall highlight all edits and additional information in boldface type.

29. Simultaneously with filing the Notice of Agenda with the Court, the Notice of Agenda shall be served upon the Core Service List and all other parties

DEBTOR:  L'Occitane, Inc.
CASE NO: 21-10632-MBK
CAPTION OF ORDER: ORDER ESTABLISHING CASE MANAGEMENT AND ADMINISTRATIVE PROCEDURES

(or their counsel, if known) with a direct interest in any matter on the Notice of Agenda.

30. For each motion listed, the Notice of Agenda shall indicate the movant/applicant, the nature of the motion and the docket number.

31. Supporting papers filed by the movant/applicant shall be similarly denoted.

32. For each motion/application, the Notice of Agenda shall list the objection deadline and any objections filed, including the docket numbers thereof, if available.

33. For each motion/application, the Notice of Agenda shall indicate whether the matter is going forward, whether a continuance is requested (and any opposition to the continuance request, if known), whether any or all of the objections have been resolved and any other pertinent status information.

34. When a matter in an adversary proceeding is scheduled, in addition to the information regularly given on the Notice of Agenda, the Notice of Agenda shall list the adversary proceeding number and the corresponding docket number for pleadings filed in the adversary proceeding.

H. *Applications for Admission Pro Hac Vice*

35. Applications by non-resident attorneys for permission to practice before the Court in this case *pro hac vice* may not be set for hearing unless the Court requests otherwise. Such applications may be granted by the Court unless timely objections are filed thereto. *Pro hac vice* applications must be served to parties on the Core Service List.

119060605.v4

DEBTOR:  L'Occitane, Inc.
CASE NO: 21-10632-MBK
CAPTION OF ORDER: ORDER ESTABLISHING CASE MANAGEMENT AND ADMINISTRATIVE PROCEDURES

36. Notwithstanding any attorney's admission *pro hac vice*, the Court will require all parties to obtain local counsel in accordance with the District of New Jersey Local District Court Rules and the Local Bankruptcy Rules.

I. *Electronic Filing Procedures*

37. Pursuant to this Court's *General Order Authorizing Administrative Procedures for the Electronic Filing Signing and Verification of Documents*, dated March 27, 2002 and D.N.J. L.B.R. 5005-1, except with regard to documents which may be filed under seal, unless good cause can be demonstrated and established to the contrary at the return date on the hearing(s), all motions, pleadings, memoranda of law or other documents to be filed with the Court herein shall be filed electronically on the Court's Electronic Filing System.

38. Notwithstanding the above, the Office of the United States Trustee for Region III - New Jersey requires service upon it of the following documents in hard copy format regardless of whether it receives same electronically:

    a. the Debtor's Petition;

    b. the Debtor's Schedules and Statement of Financial Affairs;

    c. any Chapter 11 Plan and Disclosure Statement;

    d. Fee applications;

    e. all First Day Matters and supporting pleadings and documents thereto; and

    f. Monthly Operating Reports.

J. *Mailing Matrix*

Page 12 of 12
DEBTOR: L'Occitane, Inc.
CASE NO: 21-10632-MBK
CAPTION OF ORDER: ORDER ESTABLISHING CASE MANAGEMENT AND ADMINISTRATIVE PROCEDURES

39. Any mailing matrix submitted electronically shall be prepared in accordance with D.N.J. LBR 1007-1.

K. *Other Administrative Issues*

40. Any party may apply at any time for reconsideration or modification of this Order. Service of said application shall be made to parties on the Master Service List.

41. The Court may amend this Order from time to time as is necessary.

L. *Service of this Order*

42. The Debtor's counsel shall serve a copy of this Order on all parties on the Master Service List by regular mail within seven (7) days hereof.

119060605.v4