UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**ATTORNEY FEE APPLICATION COVER SHEET**
**FOR THE PERIOD FEBRUARY 12, 2021 THROUGH APRIL 30, 2021**

In re L'Occitane, Inc.                    Applicant: Cole Schotz P.C.

Case No. 21-10632 (MBK)                   Client:  The Official Committee of
                                          Unsecured Creditors

Chapter 11                                Case Filed: January 26, 2021

COMPLETION AND SIGNING OF THIS FORM CONSTITUTES A CERTIFICATION
UNDER PENALTY OF PERJURY PURSUANT TO 28 U.S.C. § 1746.

RETENTION ORDER ATTACHED.


_/s/ Warren A. Usatine_        06/14/2021
WARREN A. USATINE                    Date

| SECTION I |
| :---: |
| **FEE SUMMARY** |

First Interim Fee Application Covering the Period
February 12, 2021 through April 30, 2021:

| | |
| :--- | ---: |
| FEE TOTALS | $386,601.00 |
| DISBURSEMENTS TOTALS | $3,575.54 |
| TOTAL FEE APPLICATION | $390,176.54 |

| | FEES | EXPENSES |
| :--- | ---: | ---: |
| TOTAL PREVIOUS FEES REQUESTED: | $386,601.00 | $3,575.54 |
| TOTAL FEES ALLOWED TO DATE: | $0.00 | $0.00 |
| TOTAL RETAINER REMAINING: | $0.00 | N/A |
| TOTAL HOLDBACK (IF APPLICABLE): | $0.00 | N/A |
| TOTAL RECEIVED BY APPLICANT: | $309,280.80 | $3,575.54 |

<div style="border:1px solid black">

**SECTION II**
**CASE HISTORY**

</div>

(1)     Date case filed:  January 26, 2021

(2)     Chapter under which case commenced:  Chapter 11

(3)     Date of retention:   March 9, 2021, *nunc pro tunc* to February 12, 2021. *See* **Exhibit A**.

If limit on number of hours or other limitations to retention, set forth: n/a

(4)     Summarize in brief the benefits to the estate and attach supplements as needed:  *See* narrative portion of fee application.

(5)     Anticipated distribution to creditors:

(a)      Administration expense: Unknown at this time.

(b)      Secured creditors: Unknown at this time.

(c)      Priority creditors: Unknown at this time.

(d)      General unsecured creditors: Unknown at this time.

(6)     Final disposition of case and percentage of dividend paid to creditors (if applicable): This is the first interim fee application.

62315/0001-40763831v3

**COLE SCHOTZ P.C.**
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
(201) 489-3000
(201) 489-1536 Facsimile
Warren A. Usatine, Esq.
wusatine@coleschotz.com

*Attorneys for The Official Committee of Unsecured Creditors*

<div align="center">

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

</div>

| | |
|---|---|
| In re<br><br>L'Occitane, Inc.,<br><br><div align="center">Debtor.</div> | Chapter 11<br><br>Case No. 21-10632 (MBK) |

<div align="center">

**FIRST INTERIM APPLICATION OF COLE SCHOTZ P.C., COUNSEL TO THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR COMPENSATION
FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF
ACTUAL AND NECESSARY EXPENSES FOR THE PERIOD FROM FEBRUARY 12,
2021 THROUGH APRIL 30, 2021 PURSUANT TO 11 U.S.C. §§ 328, 330, 331, AND 1103**

</div>

Cole Schotz P.C. ("**Cole Schotz**"), counsel to the Official Committee of Unsecured

Creditors (the "**Committee**") of L'Occitane, Inc. (the "**Debtor**"), hereby submits this first

interim application for compensation of professional services rendered and reimbursement of

actual and necessary expenses (the "**Application**") pursuant to (i) sections 328, 330, 331, and

1103 of title 11 of the United States Code (the "**Bankruptcy Code**"), (ii) Rule 2016 of the

Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), (iii) the Appendix B

Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed

Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases (the "**Guidelines**"), and (iv) this

Court's *Administrative Order Establishing Procedures for Allowance and Payment of Interim*

*Compensation and Reimbursement of Expenses to Professional Persons*, dated March 30, 2021

[Docket No. 235] (the "**Interim Compensation Procedures Order**"), for professional services rendered by Cole Schotz for the period commencing February 12, 2021 through and including April 30, 2021 (the "**Compensation Period**"), and for reimbursement of its actual and necessary expenses incurred during the Compensation Period.  In support of this Application, Cole Schotz respectfully represents as follows:

## BACKGROUND

1.      On January 26, 2021 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief pursuant to Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**").  Since the Petition Date, the Debtor has remained in possession of its assets and continued management of its business as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in this chapter 11 case.

2.      On February 11, 2021, the Office of the United States Trustee for the District of New Jersey (the "**UST**") appointed an Official Committee of Unsecured Creditors (the "**Committee**") (See Docket No. 110).  The Committee selected Cole Schotz as its counsel and Province, LLC as its financial advisor on February 12, 2021.

## INFORMATION REQUIRED BY THE GUIDELINES

### A.      The Scope of the Application

3.      Consistent with the Guidelines, Cole Schotz discloses the following concerning the scope of the Application:

| Name of Applicant | Cole Schotz P.C. |
| --- | --- |
| Name of Client | Official Committee of Unsecured Creditors |
| Petition Date | January 26, 2021 |

2

| | |
|---|---|
| Retention Date | Order signed March 9, 2021, effective February 12, 2021. *See* Retention Order at Docket No. 201, a copy of which is attached hereto as **Exhibit A**. |
| Time Period Covered by Application | February 12, 2021 – April 30, 2021 |
| Terms and Conditions of Employment | Hourly |
| Interim / Final | Interim application under 11 U.S.C. § 331 |
| Date and Terms of Administrative Fee Order | On March 30, 2021, this Court entered the Interim Compensation Procedures Order. Pursuant to the Interim Compensation Procedures Order, Professionals, as defined therein, can file monthly fee statements with the Court.  If there are no objections to a monthly fee statement, Professionals are entitled to payment of eighty (80%) percent of the fees and one hundred (100%) percent of the expenses requested in their monthly fee statement.  The Interim Compensation Procedures Order further provides that Professionals may file interim fee applications for allowance of compensation and reimbursement of expenses of the amount sought in their monthly fee statements, including the twenty percent (20%) holdback pursuant to Section 331 of the Bankruptcy Code at three month intervals or such other intervals directed by the Court. |
| 11 U.S.C. § 330 | Cole Schotz seeks compensation under 11 U.S.C. § 330. |
| Total Compensation (Fees) Sought this Period | $386,601.00 |
| Total Expenses Sought this Period | $3,575.54 |
| Total compensation approved by interim order to date | $0.00 |
| Total expenses approved by interim order to date | $0.00 |
| Blended rate in this application for all attorneys | $581.64 |
| Blended rate in this application for all timekeepers | $526.85 |

3

| Compensation sought in this application already paid pursuant to a monthly compensation order but not yet allowed | $309,280.80 |
|---|---|
| Expenses sought in this application already paid pursuant to a monthly compensation order but not yet allowed | $3,575.54 |
| If applicable, number of professionals in this application not included in staffing plan approved by client | 5[1] |
| If applicable, difference between fees budgeted and compensation sought for this period | Cole Schotz budgeted $767,935.00 in fees during the Compensation Period and incurred $386,601 in fees during the Compensation Period. |
| Number of professionals billing fewer than 15 hours to the case during this period | 3 |
| Are any rates higher than those approved or disclosed at retention?  If yes, calculate and disclose the total compensation sought in this application using the rates originally disclosed in the retention application | [] Yes                    [X]  No |
|  | $<br><br>N/A |

## B.     Summary of Time Keepers and Rate Increases

4.       With respect to each professional and paraprofessional who billed on the matter during the Compensation Period, Cole Schotz discloses the following information on **Exhibit B** attached, where applicable: (i) name; (ii) title or position; (iii) primary department, group, or section; (iv) date of first admission to the bar, if applicable; (v) total fees billed included in application; (vi) total hours billed included in application; (vii) current hourly rate contained in this application; (viii) hourly rate at the inception of the chapter 11 case; and (ix) the number of rate increases since the inception of the case.

---

[1] The staffing plan approved by the Committee included the attorneys and paraprofessionals that would predominantly staff this case.  The five additional professionals included in this Application that were not included in the staffing plan billed $28,914.00 in the aggregate during the Compensation Period, which represents 7.4% of the total fees billed during the Compensation Period.

62315/0001-40763831v3

### C.    <u>Customary and Comparable Compensation</u>

5.      Cole Schotz submits its compensation is customary as evidenced by the blended

hourly rate data set forth on **<u>Exhibit C</u>** attached for the 2020 calendar year as compared to the

Compensation Period.   As set forth in Exhibit C, Cole Schotz's blended hourly rate for all

timekeepers during the Compensation Period was $526.85.

### D.    <u>Statements from the Applicant</u>

6.      Consistent with the Guidelines, Cole Schotz answers the following questions:

| <u>Question</u> | <u>Answer</u> |
|---|---|
| Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? | No |
| If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client? | The fees requested in this application are not higher than 10% of what was budgeted. |
| Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case? | No |
| Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? | No |
| Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? | No |
| Does the fee application include any rate increases? | No |

### E.    <u>Budget and Staffing Plan</u>

7.      Consistent with the Guidelines, Cole Schotz provided the Committee with, and

the Committee approved, a budget and staffing plan for the Compensation Period.  Copies of the

approved budgets and staffing plan for the Compensation Period are attached hereto as **<u>Exhibits</u>**

5

**D-1** and **D-2.**  As set forth below, the total hours and fees actually incurred did not exceed the budget by more than 10% in the aggregate during the Compensation Period:

| Month | Hours Budgeted | Hours Incurred | Fees Budgeted | Fees Incurred |
|---|---|---|---|---|
| February 12, 2021 – April 30, 2021 | 1,295 | 733.80 | $767,935 | $386,601.00 |

## SUMMARY OF PROFESSIONAL SERVICES
## RENDERED AND EXPENSES INCURRED

8.      Cole Schotz seeks allowance of compensation of professional services rendered to the Committee during the Compensation Period in the amount of $386,601.00.  In addition, Cole Schotz seeks approval for reimbursement of expenses incurred in connection with the rendition of its services in the aggregate amount of $3,575.54.  During the Compensation Period, Cole Schotz attorneys and paraprofessionals expended a total of 733.80 hours for which compensation is requested.  The fees charged by Cole Schotz in this proceeding are billed in accordance with its existing billing rates and procedures in effect during the Compensation Period.

9.      The following summary highlights the major areas in which Cole Schotz rendered services during the Compensation Period.  As required by the Guidelines, the summary is organized by project category.  A summary chart setting forth the number of hours spent and the amount of compensation requested for each projected category is attached as **Exhibit E-1** and a summary chart setting forth the amount of expenses requested by Cole Schotz in this Application is attached as **Exhibit E-2**.  The full breadth of Cole Schotz's services performed during the Compensation Period is reflected in the time records which are attached to Cole Schotz's monthly fee statements and incorporated herein by reference.[2]  *See* Docket Nos. 260 and 296.

---

[2] Certain of these invoices have been redacted to protect information protected by non-disclosure agreements.

6

10.     As described in more detail below, during the Compensation Period, Cole Schotz advised the Committee on a broad range of issues during the pendency of this chapter 11 case, including matters pertaining to the Debtor's leases and the administration of the bankruptcy case. Cole Schotz also commenced an investigation into the Debtor's business and its relationship with its foreign parent, L'Occitane International, S.A., which investigation remains ongoing.   In particular, Cole Schotz expended significant time on the following tasks:

### A.    Business Operations

11.     This category includes time expended by Cole Schotz with respect to the Debtor's business operations.   During the Compensation Period, Cole Schotz engaged in significant discussions with the case professionals and other interested parties, and analyzed and made recommendations to the Committee with respect to a variety of matters, including certain financial and intercompany issues.

### B.    Case Administration

12.     This category includes time expended by Cole Schotz on a variety of activities relating to the day-to-day management and prosecution of this chapter 11 case.   It includes significant time expended by Cole Schotz at the outset of this case reviewing and analyzing various first day motions and other requests for relief critical to the stabilization of the Debtor's operations and the efficient administration of this chapter 11 case.

### C.    Fee Employment and Fee Application Preparation

13.     This category includes time expended by Cole Schotz regarding the retention and compensation of various professionals in the Debtor's bankruptcy proceeding.   Among other things, Cole Schotz (i) conducted a thorough conflicts check analysis and prepared the Committee's application to retain Cole Schotz as its counsel; (ii) assisted with the preparation of the Committee's application to retain Province, LLC as the Committee's financial advisor; and

7

(iii) reviewed, analyzed and ensured that the applications of the Debtor's professionals (including professionals utilized in the ordinary course of business) were in compliance with the Bankruptcy Rules, the Guidelines, and the Interim Compensation Procedures Order, and the Order authorizing the Debtor to retain ordinary course professionals.

### D.    Litigation (Other than Avoidance Action Litigation)

14.     This category includes time expended by Cole Schotz with respect to litigation matters other than avoidance action litigation.  Cole Schotz expended extensive time preparing discovery requests to the Debtor's advisors and reviewing and analyzing documents produced in connection with same as part of the Committee's investigation into the Debtor's business operations and its relationship with its foreign parent, L'Occitane International, S.A.   Cole Schotz also conducted legal research where appropriate, and ultimately provided recommendations to the Committee regarding numerous matters in this case.  The Committee's investigation remains ongoing.

### RELIEF REQUESTED AND BASIS THEREFOR

15.     The professional services performed by Cole Schotz on the Committee's behalf during the Compensation Period required an aggregate expenditure of 733.80 recorded hours by Cole Schotz's partners, associates and paraprofessionals.  Of the aggregate time expended, 167.7 recorded hours were expended by members of Cole Schotz, 535.7 recorded hours were expended by associates, and 30.4 recorded hours were expended by paraprofessionals.

16.     During the Compensation Period, Cole Schotz's hourly billing rates for attorneys and paraprofessionals ranged from $225.00 to $825.00 per hour.  Allowance of compensation in the amount requested would result in a blended hourly billing rate of $526.85, which represents a blended rate of $225, $315 and $581.64 for law clerks, paraprofessionals and attorneys,

8

respectively, at Cole Schotz's regular billing rates in effect at the time of the performance of services.

17.    Cole Schotz has incurred $3,575.54 in direct out-of-pocket expenses in providing professional services during the Compensation Period.  These charges are intended to cover Cole Schotz's direct operating costs, which costs are not incorporated into Cole Schotz's billing rates.

18.    Section 330 of the Bankruptcy Code provides that a court may award a professional employed under Section 1103 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual necessary expenses." 11 U.S.C. § 330(a)(1).

19.    Section 330 of the Bankruptcy Code contains two separate criteria, and before determining the reasonableness of the service, the Court must make a threshold inquiry into its necessity.  *In re Engel*, 190 B.R. 206, 209 (Bankr. D.N.J. 1995); *see also In re Fleming Cos.*, 304 B.R. 85, 89 (D. Del. 2003) (discussing a two-tiered approach to determining whether compensation should be allowed—first "the court must be satisfied that the attorney performed actual and necessary services" and second "the court must assess a reasonable value for those services").  The majority of courts which have interpreted Section 330 of the Bankruptcy Code have held that an element of whether such services are "necessary" is whether they benefitted the bankruptcy estate.  *Engel*, 190 B.R. at 209.  Further, the test for determining necessity is objective, focusing on what services a reasonable lawyer would have performed under the same circumstances.  *In re APW Enclosure Sys., Inc.*, No. 06-11378 (MFW), 2007 WL 3112414, at *3 (Bankr. D. Del. 2007) (citing *Fleming*, 304 B.R. at 89).  This test does not rely on hindsight to determine the ultimate success or failure of the attorney's actions.  *See id.* (citing, *inter alia*, *Keate v. Miller (In re Kohl)*, 95 F.3d 713, 714 (8th Cir. 1996)).

62315/0001-40763831v3

20.     Once the court determines that a service was necessary, it also assesses the

reasonable value of the service.  11 U.S.C. § 330(a)(3).  Section 330(a)(3) of the Bankruptcy

Code sets forth the criteria for the award of such compensation and reimbursement, stating:

> In determining the amount of reasonable compensation to be
> awarded . . . the court shall consider the nature, extent, and the
> value of such services, taking into account all relevant factors,
> including—
>
> (A)     the time spent on such services;
>
> (B)     the rates charged for such services;
>
> (C)     whether the services were necessary to the administration
> of, or beneficial at the time at which the service was
> rendered toward the completion of, a case under this title;
>
> (D)     whether the services were performed within a reasonable
> amount of time commensurate with the complexity,
> importance, and nature of the problem, issue, or task
> addressed;
>
> (E)     with respect to a professional person, whether the person is
> board certified or otherwise has demonstrated skill and
> experience in the bankruptcy field; and
>
> (F)     whether the compensation is reasonable based on the
> customary compensation charged by comparably skilled
> practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

21.     In determining the reasonableness of fees, courts routinely "employ the twelve

factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)."

*Staiano v. Cain (In re Lan Assocs. XI, L.P.)*, 192 F.3d 109, 123 (3d Cir. 1999).  These factors

include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the

skill requisite to perform the legal service properly; (4) the preclusion of employment by the

attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or

contingent; (7) time limitations imposed by client or the circumstances; (8) the amount involved

and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* at 123 n.8.

22.    In addition, Section 331 of the Bankruptcy Code provides that a debtor's attorney employed under Section 1103 of the Bankruptcy Code may apply to the Court for interim compensation not more than once every 120 days after an order for relief in a case under chapter 11. *See* 11 U.S.C. § 331.

23.    In the instant case, Cole Schotz devoted a substantial amount of time and effort to addressing the numerous issues involved in this chapter 11 case. Cole Schotz respectfully submits that the services for which it seeks compensation in this Application were, at the time rendered, believed to be necessary to effectively represent the Committee, and were performed economically, effectively, and efficiently. Because Cole Schotz's services benefitted the bankruptcy estate, Cole Schotz respectfully submits that it performed "actual and necessary" services compensable under Section 330 of the Bankruptcy Code.

24.    Further, Cole Schotz submits that consideration of the relevant factors enumerated in *Lan Assocs.*, 192 F.3d at 123 n.8, establishes that the compensation requested is reasonable in light of the nature, extent, and value of such services to the Committee:

(a)    *The Time and Labor Required*. The professional services rendered by Cole Schotz on behalf of the Committee have required the expenditure of substantial time and effort, as well as a high degree of professional competence and expertise, in order to deal with the many issues arising in this case with skill and dispatch. Cole Schotz respectfully represents that the services rendered by it were performed efficiently, effectively and economically.

(b)    *The Novelty and Difficulty of Questions*. Although the issues in this case were not particularly novel, many legal challenges have arisen in the course of this case. Cole Schotz's effective assistance has and will continue to facilitate the resolution of such issues.

11

(c)      *The Skill Required to Perform the Legal Services Properly*.  Cole Schotz believes that its recognized expertise in the area of insolvency proceedings and reorganization contributed to the efficient and effective representation of the Committee in this chapter 11 case.

(d)      *The Preclusion of Other Employment by Applicant Due to Acceptance of the Case*.  Cole Schotz's representation of the Committee did not preclude its acceptance of new clients.  However, the issues that arose in this case required attention on a continuing, and oftentimes emergent, basis, requiring Cole Schotz's professionals to commit significant portions of their time to this chapter 11 case.

(e)      *The Customary Fee*.  The fee sought herein is based on Cole Schotz's normal hourly rates for services of this kind.  Cole Schotz respectfully submits that the hourly rates of its professionals are not unusual given the time expended in attending to the representation of the Committee.  Cole Schotz's hourly rates and the fees requested herein are commensurate with fees Cole Schotz has been awarded in other chapter 11 cases, as well as with fees charged by other attorneys of comparable experience.

(f)      *Whether the Fee is Fixed or Contingent*.  Not applicable.

(g)      *Time Limitations Imposed by Client or other Circumstances*.  Not applicable.

(h)      *The Amount Involved and Results Obtained*.  Cole Schotz respectfully submits that the amount of fees for which compensation is sought is reasonable under the circumstances given the numerous issues that had to be addressed.

(i)      *The Experience, Reputation and Ability of the Attorneys*.  Cole Schotz is a professional association with approximately 150 attorneys that practice extensively in the fields of bankruptcy and corporate restructuring; litigation; real estate; tax, trusts and estates; corporate, finance and business transactions; employment; environmental; construction services and other phases of the law. Cole Schotz has represented debtors, creditors, creditors' committees, fiduciaries and numerous other parties in hundreds of cases before the Bankruptcy Courts for the District of New Jersey as well as in various other Bankruptcy Courts throughout the country.

(j)      *The Undesirability of the Case*.  Not applicable.

(k)      *Nature and Length of Professional Relationship*.  Not applicable.

(l)      *Awards In Similar Cases*.  As previously indicated, the fees sought herein are commensurate with fees Cole Schotz has been awarded in other chapter 11 cases.

25.      In addition, consistent with Section 331 of the Bankruptcy Code, this is Cole Schotz's first interim fee application.  Accordingly, Cole Schotz has complied with Section

331's requirement that an applicant may apply to the Court for interim compensation not more than once every 120 days after an order for relief in a case under chapter 11 since it has not previously applied to the Court for compensation.  *See* 11 U.S.C. § 331.

**WHEREFORE**, Cole Schotz respectfully requests a first interim fee allowance as bankruptcy counsel for the Debtor in the amount of $386,601.00, together with reimbursement of expenses in the amount of $3,575.54, for a total first interim fee award of $390,176.54.

DATED:  June 14, 2021                    Respectfully submitted,

                                         **COLE SCHOTZ P.C.**
                                         *Attorneys for The Official Committee*
                                         *of Unsecured Creditors*

                                         By:___*/s/ Warren A. Usatine*_____
                                                 Warren A. Usatine
                                                 Court Plaza North
                                                 25 Main Street
                                                 Hackensack, NJ 07601
                                                 Telephone:  (201) 489-3000
                                                 Facsimile:  (201) 489-1536
                                                 Email:  wusatine@coleschotz.com

14

**EXHIBIT A**

**Retention Order**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

**COLE SCHOTZ P.C.**

Court Plaza North
25 Main Street
Hackensack, New Jersey 07601
Warren A. Usatine, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Justin R. Alberto, Esq. (admitted *pro hac vice*)
wusatine@coleschotz.com
svanaalten@coleschotz.com
jalberto@coleschotz.com
Telephone: (201) 489-3000
Facsimile:  (201) 489-1536

*Proposed Counsel for the Official Committee of
Unsecured Creditors*

Order Filed on March 9, 2021
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In re:<br><br>L'OCCITANE, INC.,<br><br>　　　　　　　　　Debtor | Chapter 11<br><br>Case No. 21-10632 (MBK) |

**ORDER APPROVING THE RETENTION AND EMPLOYMENT OF
COLE SCHOTZ P.C. AS COUNSEL TO THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS, NUNC PRO TUNC TO FEBRUARY 12, 2021**

The relief set forth on the following pages, numbered two (2) through four (4), is hereby

**ORDERED**.

**DATED: March 9, 2021**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

(Page 2)
Debtor:              L'OCCITANE, INC.
Case No.             21-10632 (MBK)
Caption of Order:    ORDER APPROVING THE RETENTION AND EMPLOYMENT OF
                     COLE SCHOTZ P.C. AS COUNSEL TO THE OFFICIAL COMMITTEE
                     OF UNSECURED CREDITORS, NUNC PRO TUNC TO FEBRUARY
                     12, 2021

Upon the Application (the "Application")[1] of the Official Committee of Unsecured

Creditors (the "Committee") of L'Occitane, Inc., the above-captioned debtor and

debtor-in-possession (the "Debtor") for the entry of an Order, pursuant to sections 328(a) and

1103(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of

the United States Bankruptcy Court for the District of New Jersey (the "Local Rules"),

authorizing the Committee to retain and employ the law firm of Cole Schotz P.C. ("Cole

Schotz") as its counsel, *nunc pro tunc* to February 12, 2021, and the Certification of Warren A.

Usatine, Esq. (the "Usatine Certification") in support of the Application; and the Court having

jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334(b); and this

matter being a core proceeding pursuant to 28 U.S.C. 157(b); and venue being proper in this

district pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the members, counsel, and

associates of Cole Schotz who will be engaged in this Chapter 11 Case are duly qualified to

practice before this Court; and the Court being satisfied, based on the representations made in the

Application, the Usatine Certification filed contemporaneously with the Application, and the

*Supplemental Certification of Warren A. Usatine in Further Support of the Application for Entry*

*of an Order Approving the Retention and Employment of Cole Schotz P.C. as Counsel to the*

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Application.

(Page 3)

| | |
|---|---|
| Debtor: | L'OCCITANE, INC. |
| Case No. | 21-10632 (MBK) |
| Caption of Order: | ORDER APPROVING THE RETENTION AND EMPLOYMENT OF COLE SCHOTZ P.C. AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, NUNC PRO TUNC TO FEBRUARY 12, 2021 |

*Official Committee of Unsecured Creditors Nunc Pro Tunc to February 12, 2021* [Docket No. 189] filed on March 4, 2021, that said attorneys represent no interest adverse to the Committee or the Debtor's estate with respect to the matters upon which they are to be engaged, that they are "disinterested persons," as that term is defined in Section 101(14) of the Bankruptcy Code, as modified by Section 1103(b) of the Bankruptcy Code; and it appearing that Cole Schotz's employment is necessary and would be in the best interest of the Committee and the Debtor's estate; and finding that adequate notice of the Application having been given; and it appearing that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Application in **GRANTED** as set forth herein.

2.      In accordance with sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1, the Committee is hereby authorized and empowered to employ and retain the firm of Cole Schotz as its counsel, *nunc pro tunc* to February 12, 2021, to represent the Committee in this case, and such retention is hereby approved.

3.      Cole Schotz shall be compensated in accordance with the procedures set forth in Sections 330 and 331 of the Bankruptcy Code, such Federal Rules and Local Rules as may then

62315/0001-40290562v4

(Page 4)

| | |
|---|---|
| Debtor: | L'OCCITANE, INC. |
| Case No. | 21-10632 (MBK) |
| Caption of Order: | ORDER APPROVING THE RETENTION AND EMPLOYMENT OF COLE SCHOTZ P.C. AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, NUNC PRO TUNC TO FEBRUARY 12, 2021 |

be applicable from time to time, and such procedures as may be fixed by Order of this Court.

Cole Schotz shall also make a reasonable effort to comply with the Guidelines for Reviewing

Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. Section

330 by Attorneys in Larger Chapter 11 Cases, effective as of November 1, 2013 (the "US

Trustee Guidelines"), both in connection with the Application and the interim and final fee

applications to be filed by Cole Schotz in this case.

       4.     The Committee is authorized and empowered to take all actions necessary to

effectuate the relief granted by this Order.

       5.     This Order shall be effective and enforceable immediately upon its entry.

       6.     This Court shall retain jurisdiction over any matters related to the implementation

or enforcement of this Order.

4

62315/0001-40290562v4

**EXHIBIT B**

**SUMMARY OF TIMEKEEPERS INCLUDED IN THIS FEE APPLICATION**

| NAME | TITLE OR POSITION | DEPARTMENT, GROUP, OR SECTION | DATE OF FIRST ADMISSION (if applicable) | FEES BILLED | HOURS BILLED | HOURLY RATE |
|---|---|---|---|---|---|---|
| Warren A. Usatine | Member | Bankruptcy | 1995 | $44,962.50 | 54.50 | $825.00 |
| Seth Van Aalten | Member | Bankruptcy | 2004 | $54,367.50 | 65.90 | $825.00 |
| Justin R. Alberto | Member | Bankruptcy | 2008 | $30,508.50 | 47.30 | $645.00 |
| Anthony De Leo | Associate | Bankruptcy | 2013 | $172,672.50 | 300.30 | $575.00 |
| Rebecca W. Hollander | Associate | Bankruptcy | 2014 | $240.00 | .60 | $400.00 |
| Michael Trentin | Associate | Bankruptcy | 2016 | $45,600.00 | 121.60 | $375.00 |
| Sophie Macon | Associate | Bankruptcy | 2018 | $4,770.00 | 10.60 | $450.00 |
| Allison Wrynn | Associate | Bankruptcy | 2020 | $3,654.00 | 12.60 | $290.00 |
| Jack Dougherty | Associate | Bankruptcy | 2021 | $16,425.00 | 73.00 | $225.00 |
| Michael Fitzpatrick | Law Clerk | Bankruptcy | N/A | $3,825.00 | 17.00 | $225.00 |
| Frances Pisano | Paralegal | Bankruptcy | N/A | $9,544.50 | 30.30 | $315.00 |
| Pauline Ratkowiak | Paralegal | Bankruptcy | N/A | $31.50 | .10 | $315.00 |
| | | | | **$386,601.00** | **733.80** | |

| | |
|---|---|
| Client Name: | Official Committee of Unsecured Creditors of L'Occitane, Inc. |
| Case Number: | 21-10632 (MBK) |
| Applicant's Name: | Cole Schotz P.C. |
| Date of Application: | June 14, 2021 |
| Interim or Final: | Interim |

UST Form 11-330-B (2013)
62315/0001-40764398v1

## EXHIBIT C

## CUSTOMARY AND COMPARABLE COMPENSATION DISCLOSURES WITH FEE APPLICATIONS

(*See* Guidelines ¶ C.3. for definitions of terms used in this Exhibit)

| CATEGORY OF TIMEKEEPER (using categories already maintained by the firm) | BLENDED HOURLY RATE | |
|---|---|---|
| | Billed by All Offices, Excluding Bankruptcy[1] | BILLED In this fee application |
| Member | $597.91 | $774.23 |
| Special Counsel | $533.95 | N/A |
| Associate | $364.27 | $509.17 |
| Paralegal | $273.51 | $315.00 |
| Other (please define) | $240.10[2] | $225.00 |
| All timekeepers aggregated | $482.42 | $526.85 |

Client Name:          Official Committee of Unsecured
                      Creditors of L'Occitane, Inc.
Case Number:          21-10632 (MBK)
Applicant's Name:     Cole Schotz P.C.
Date of Application:  June 14, 2021
Interim or Final:     Interim

---

[1] In accordance with the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, the "preceding year" for which these figures were calculated is calendar year 2020; blended rates reflect work performed in the preceding year in each of Cole Schotz's domestic offices, excluding all data from bankruptcy law matters.

[2] Timekeepers consist of Law Clerks, Summer Associates, Litigation Support Specialists, Legal Practice Assistants, Project Assistants, and Administrative Assistants.

# EXHIBIT D-1

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

**COLE SCHOTZ P.C.**
Court Plaza North
25 Main Street
Hackensack, New Jersey 07601
Warren A. Usatine, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Justin R. Alberto, Esq. (admitted *pro hac vice*)
wusatine@coleschotz.com
svanaalten@coleschotz.com
jalberto@coleschotz.com
Telephone: (201) 489-3000
Facsimile:  (201) 489-1536

*Counsel for the Official Committee of*
*Unsecured Creditors*

| In re: | |
|---|---|
| L'OCCITANE, INC., | Chapter 11 |
| Debtor | Case No. 21-10632 (MBK) |

**BUDGET FOR COLE SCHOTZ P.C. AS COUNSEL FOR**
**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
**FOR THE PERIOD FROM FEBRUARY 12, 2021 THROUGH APRIL 30, 2021**

Date Budget Approved by Client: February 26, 2021

| PROJECT CATEGORY | ESTIMATED HOURS | ESTIMATED FEES |
|---|---|---|
| Accounting/Auditing | 5 | $2,965.00 |
| Additional Sections 506(c) Asset | 5 | $2,965.00 |
| Asset Analysis | 40 | $23,720.00 |
| Asset/Business Disposition | 15 | $8,895.00 |
| Assumption/Rejection of Lease and Contract | 50 | $29,650.00 |
| Budgeting (Case) | 5 | $2,965.00 |
| Business Operations | 200 | $118,600.00 |

| | | |
|---|---|---|
| Case Administration | 35 | $20,755.00 |
| Claims Administration and Objections | 20 | $11,860.00 |
| Corp. Finance and Valuation | 55 | $32,615.00 |
| Corporate Governance & Board Matters | 5 | $2,965.00 |
| Data Analysis | 5 | $2,965.00 |
| Disclosure Statement | 20 | $11,860.00 |
| Due Diligence | 100 | $59,300.00 |
| Employee Benefits/Pensions | 5 | $2,965.00 |
| Fee Application Preparation | 50 | $29,650.00 |
| Fee Employment | 40 | $23,720.00 |
| Fee Objections | 5 | $2,965.00 |
| Financing | 25 | $14,825.00 |
| Lien Review | 5 | $2,965.00 |
| Litigation | 100 | $59,300.00 |
| Litigation Consulting | 5 | $2,965.00 |
| Meeting of Creditors | 20 | $11,860.00 |
| Non-Working Travel Time | 0 | $0.00 |
| Plan of Reorganization | 300 | $177,900.00 |
| Preference Actions/Response | 10 | $5,930.00 |
| Real Estate | 30 | $17,790.00 |
| Reconstruction Accounting | 5 | $2,965.00 |
| Regulatory Compliance | 5 | $2,965.00 |
| Relief from Stay | 20 | $11,860.00 |
| Reporting | 5 | $2,965.00 |
| Tax Issues | 10 | $5,930.00 |
| Travel Time | 0 | $0.00 |
| Valuation | 95 | $56,335.00 |
| **TOTAL** | **1295** | **$767,935.00** |

2

# EXHIBIT D-2

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

**COLE SCHOTZ P.C.**
Court Plaza North
25 Main Street
Hackensack, New Jersey 07601
Warren A. Usatine, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Justin R. Alberto, Esq. (admitted *pro hac vice*)
wusatine@coleschotz.com
svanaalten@coleschotz.com
jalberto@coleschotz.com
Telephone: (201) 489-3000
Facsimile:  (201) 489-1536

*Counsel for the Official Committee of
Unsecured Creditors*

In re:

L'OCCITANE, INC.,

                   Debtor

Chapter 11

Case No. 21-10632 (MBK)

**STAFFING PLAN FOR COLE SCHOTZ P.C. AS COUNSEL FOR
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
FOR THE PERIOD FROM FEBRUARY 12, 2021 THROUGH APRIL 30, 2021**

Date Budget Approved by Client: February 26, 2021

| CATEGORY OF TIMEKEEPER | NUMBER OF TIMEKEEPERS EXPECTED TO WORK ON THE MATTER DURING THE BUDGET PERIOD | AVERAGE HOURLY RATE |
|---|---|---|
| Members | 3 | $765 |
| Associates | 2 | $475 |
| Paralegals | 1 | $315 |

3

**EXHIBIT E-1**
**SUMMARY OF COMPENSATION REQUESTED BY PROJECT CATEGORY**
(*See* Guidelines § C.8. for project category information.)

| PROJECT CATEGORY | HOURS BUDGETED | FEES BUDGETED | HOURS BILLED | FEES SOUGHT |
|---|---|---|---|---|
| Asset Analysis | 40.00 | $23,720.00 | 0.00 | $0.00 |
| Asset/Business Disposition | 15.00 | $8,895.00 | 0.00 | $0.00 |
| Assumption and Rejection of Leases and Contracts | 50.00 | $29,650.00 | 4.80 | $3,386.00 |
| Budgeting (Case) | 5.00 | $2,965.00 | 0.00 | $0.00 |
| Business Operations | 200.00 | $118,600.00 | 20.20 | $13,744.00 |
| Case Administration | 35.00 | $20,755.00 | 137.10 | $83,690.50 |
| Claims Administration and Objections | 20.00 | $11,860.00 | 62.70 | $26,860.50 |
| Corporate Governance and Board Matters | 5.00 | $2,965.00 | 1.60 | $1,043.00 |
| Disclosure Statement | 20.00 | $11,860.00 | 0.00 | $0.00 |
| Due Diligence | 100.00 | $59,300.00 | 39.40 | $22,886.50 |
| Employee Benefits/Pensions | 5.00 | $2,965.00 | 0.00 | $0.00 |
| Fee Application Preparation | 50.00 | $29,650.00 | 19.80 | $7,571.00 |
| Fee Employment | 40.00 | $23,720.00 | 75.00 | $37,584.50 |
| Fee Objections | 5.00 | $2,965.00 | 0.00 | $0.00 |
| Financing | 25.00 | $14,825.00 | 0.00 | $0.00 |
| Litigation | 100.00 | $59,300.00 | 331.70 | $166,024.50 |
| Meetings of Creditors | 20.00 | $11,860.00 | 5.40 | $3,672.00 |
| Plan of Reorganization | 300.00 | $177,900.00 | 1.50 | $1,237.50 |
| Preference Actions/Responses | 10.00 | $5,930.00 | 21.60 | $10,363.00 |
| Real Estate | 30.00 | $17,790.00 | 0.00 | $0.00 |
| Regulatory Compliance | 5.00 | $2,965.00 | 0.00 | $0.00 |
| Relief from Stay | 20.00 | $11,860.00 | 0.00 | $0.00 |
| Reporting | 5.00 | $2,965.00 | 13.00 | $8,538.00 |
| Tax Issues | 10.00 | $5,930.00 | 0.00 | $0.00 |
| Valuation | 0.00 | $0.00 | 0.00 | $0.00 |
| Non-Working Travel | 0.00 | $0.00 | 0.00 | $0.00 |
| **Total:** | **1,115.00** | **$661,195.00** | **733.80** | **$386,601.00** |

Client Name:          Official Committee of Unsecured Creditors of L'Occitane, Inc.
Case Number:          21-10632 (MBK)
Applicant's Name:     Cole Schotz P.C.
Date of Application:  June 14, 2021
Interim or Final:     Interim

# EXHIBIT E-2

## SUMMARY OF EXPENSE REIMBURSEMENT REQUESTED BY CATEGORY

(*See* Guidelines § C.8. for project category information.)

| CATEGORY | AMOUNT |
|---|---|
| Photocopies/Scanning | $70.80 |
| Outside Printing | $0.00 |
| Telephone/Conference Calls | $162.90 |
| Facsimile | $0.00 |
| Online Research | $2,544.79 |
| Delivery Services/Couriers | $0.00 |
| Postage | $0.00 |
| Travel - Mileage/Tolls | $0.00 |
| Travel - Rail | $0.00 |
| Travel - Meals | $0.00 |
| Travel - Transportation | $0.00 |
| Travel - Air Fare | $0.00 |
| Meals (Local) – Lunch/Dinner Conferences | $0.00 |
| Court Fees (Pacer searches and download of pleadings) | $0.00 |
| Filing Fees | $350.00 |
| Service of Process/Subpoena | $0.00 |
| Witness Fees | $0.00 |
| Deposition Transcripts | $447.05 |
| Trial Transcripts | $0.00 |
| Trial Exhibits | $0.00 |
| Litigation Support Vendors | $0.00 |
| Lien/Litigation Work | $0.00 |
| Experts Fees | $0.00 |
| Investigators | $0.00 |
| Arbitrations/Mediators | $0.00 |
| Other – Electronic Document Processing | $0.00 |
| **TOTAL:** | **$3,575.54** |

| | |
|---|---|
| Client Name: | Official Committee of Unsecured Creditors of L'Occitane, Inc. |
| Case Number: | 21-10632 (MBK) |
| Applicant's Name: | Cole Schotz P.C. |
| Date of Application: | June 14, 2021 |
| Interim or Final: | Interim |

UST Form 11-330-D (2013)
62315/0001-40764444v2