UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**FEE APPLICATION COVER SHEET**
**FOR THE PERIOD FEBRUARY 12, 2021 THROUGH APRIL 30, 2021**

In re L'Occitane, Inc.                          Applicant: Province, LLC

Case No. 21-10632 (MBK)                Client:  The Official Committee of
                                                            Unsecured Creditors

Chapter 11                                         Case Filed: January 26, 2021

COMPLETION AND SIGNING OF THIS FORM CONSTITUTES A CERTIFICATION
UNDER PENALTY OF PERJURY PURSUANT TO 28 U.S.C. § 1746.

RETENTION ORDER ATTACHED.


  _/s/Edward Kim_                              06/14/2021
   Edward Kim                                          Date

| **SECTION I** |
| :---: |
| **FEE SUMMARY** |

First Interim Fee Application Covering the Period
February 12, 2021 through April 30, 2021:

| | |
| --- | --- |
| FEE TOTALS | $381,032.50 |
| EXPENSES TOTALS | $1,944.26 |
| TOTAL FEE APPLICATION | $382,976.76 |

| | FEES | EXPENSES |
| --- | --- | --- |
| TOTAL PREVIOUS FEES REQUESTED: | $381,032.50 | $1,944.26 |
| TOTAL FEES ALLOWED TO DATE: | $0.00 | $0.00 |
| TOTAL RETAINER REMAINING: | N/A | N/A |
| TOTAL HOLDBACK (IF APPLICABLE): | $76,206.50 | $0.00 |
| TOTAL RECEIVED BY APPLICANT: | $244,465.20 | $790.93 |

---

**SECTION II**
**CASE HISTORY**

---

(1)    Date case filed:  January 26, 2021

(2)    Chapter under which case commenced:  Chapter 11

(3)    Date of retention:   February 12, 2021. *See* **Exhibit A**.

      If limit on number of hours or other limitations to retention, set forth: n/a

(4)    Summarize in brief the benefits to the estate and attach supplements as needed.  Over the time period covered by this Fee Statement, Province has:

    (a)    Undertaken an ongoing review of the post-petition operating performance of the Debtor and interfaced with Debtor's professionals to review current and projected performance;

    (b)    Continued to perform due diligence on the operations and management agreements of the Debtor with respect to (a) its domestic stores, (b) operating relationships with other North American subsidiaries of its parent and (c) its international parent and an initial understanding and analysis of the types and scope of intercompany transactions between the two;

    (c)    Reviewed and analyzed Debtor's trial balance, balance sheets, transfer pricing, financial, marketing and other support agreements with parent, and other historical financial data and benchmarked similar arrangements with comparable companies that provide public disclosures and data;

    (d)    Continued refining initial estimates of the scope and nature of the claims pool and potential cure costs to exit bankruptcy;

    (e)    Assisted counsel in identifying and documenting various requests for data that the Committee deems essential for administering and settling the bankruptcy; and

    (f)    Provided summary analyses and reports to counsel and to the Committee with respect to other financial and operating information disclosed by the Debtor on an as needed and as requested basis.

(5)    Anticipated Distribution to Creditors:

    (a)    Administration Expenses: TBD

    (b)    Secured Creditors: TBD

    (c)    Priority Creditors: TBD

(d)    General Unsecured Creditors: TBD

(6)    Final disposition of case and percentage of dividend paid to creditors: This is the first interim fee statement. Final dividend percentages are unknown at this time.

iii

**COLE SCHOTZ P.C.**
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
(201) 489-3000
(201) 489-1536 Facsimile
Warren A. Usatine, Esq.
wusatine@coleschotz.com

*Attorneys for The Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re<br><br>L'Occitane, Inc.,<br><br>      Debtor. | Chapter 11<br><br>Case No. 21-10632 (MBK) |

**FIRST INTERIM APPLICATION OF PROVINCE, LLC,**
**FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE**
**OF UNSECURED CREDITORS, FOR COMPENSATION FOR**
**PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF**
**ACTUAL AND NECESSARY EXPENSES FOR THE PERIOD FROM FEBRUARY 12,**
**2021 THROUGH APRIL 30, 2021 PURSUANT TO 11 U.S.C. §§ 328, 330, 331, AND 1103**

Province, LLC ("**Province**"), financial advisor to the Official Committee of Unsecured

Creditors (the "**Committee**") of L'Occitane, Inc. (the "**Debtor**"), hereby submits this first

interim application for compensation of professional services rendered and reimbursement of

actual and necessary expenses (the "**Application**") pursuant this Court's *Administrative Order*

*Establishing Procedures for Allowance and Payment of Interim Compensation and*

*Reimbursement of Expenses to Professional Persons*, dated March 30, 2021 [Docket No. 235]

(the "**Interim Compensation Procedures Order**"), for professional services rendered by

Province for the period commencing February 12, 2021, through and including April 30, 2021,

(the "**Compensation Period**"), and for reimbursement of its actual and necessary expenses

incurred during the Compensation Period.  In support of this Application, Province respectfully represents as follows:

## BACKGROUND

1.      On January 26, 2021 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief pursuant to Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**").  Since the Petition Date, the Debtor has remained in possession of its assets and continued management of its business as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in this chapter 11 case.

2.      On February 11, 2021, the Office of the United States Trustee for the District of New Jersey (the "**UST**") appointed an Official Committee of Unsecured Creditors (the "**Committee**") (See Docket No. 110).  The Committee selected Cole Schotz as its counsel and Province, LLC as its financial advisor on February 12, 2021.

## INFORMATION REQUIRED BY THE GUIDELINES

### A.      The Scope of the Application

3.      Consistent with the Guidelines, Province discloses the following concerning the scope of the Application:

| | |
|---|---|
| Name of Applicant | Province, LLC |
| Name of Client | Official Committee of Unsecured Creditors |
| Petition Date | January 26, 2021 |
| Retention Date | Order signed March 9, 2021, effective February 12, 2021. *See* Retention Order at Docket No. 202, a copy of which is attached hereto as **Exhibit A**. |
| Time Period Covered by Application | February 12, 2021 – April 30, 2021 |

62315/0001-40916091v2

| Terms and Conditions of Employment | Hourly |
|---|---|
| Interim / Final | Interim application under 11 U.S.C. § 331 |
| Date and Terms of Administrative Fee Order | On March 30, 2021, this Court entered the Interim Compensation Procedures Order. Pursuant to the Interim Compensation Procedures Order, Professionals, as defined therein, can file monthly fee statements with the Court.  If there are no objections to a monthly fee statement, Professionals are entitled to payment of eighty (80%) percent of the fees and one hundred (100%) percent of the expenses requested in their monthly fee statement.  The Interim Compensation Procedures Order further provides that Professionals may file interim fee applications for allowance of compensation and reimbursement of expenses of the amount sought in their monthly fee statements, including the twenty percent (20%) holdback pursuant to Section 331 of the Bankruptcy Code at three month intervals or such other intervals directed by the Court. |
| 11 U.S.C. § 330 | Province seeks compensation under 11 U.S.C. § 330. |
| Total Compensation (Fees) Sought this Period | $381,032.50 |
| Total Expenses Sought this Period | $1,944.26 |
| Total compensation approved by interim order to date | $0.00 |
| Total expenses approved by interim order to date | $0.00 |
| Blended rate in this application for all professionals | $579.07 |
| Blended rate in this application for all timekeepers | $573.84 |
| Compensation sought in this application already paid pursuant to a monthly compensation order but not yet allowed | $244,465.20 |
| Expenses sought in this application already paid pursuant to a monthly compensation order but not yet allowed | $790.93 |

3

| | |
|---|---|
| Number of professionals billing fewer than 15 hours to the case during this period | 2 |
| Are any rates higher than those approved or disclosed at retention?  If yes, calculate and disclose the total compensation sought in this application using the rates originally disclosed in the retention application | [] Yes            [X]  No |
| | $<br><br>N/A |

### B.      Summary of Time Keepers

4.      With respect to each professional and paraprofessional who billed on the matter during the Compensation Period, Province discloses the following information on **Exhibit B** attached, where applicable: (i) name; (ii) title or position; (iii) primary department, group, or section; (iv) total fees billed included in application; (v) total hours billed included in application.

### C.      Statements from the Applicant

5.      Consistent with the Guidelines, Province answers the following questions:

| **Question** | **Answer** |
|---|---|
| Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? | No |
| Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case? | No |
| Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? | No |
| Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? | No |
| Does the fee application include any rate increases? | No |

4

## SUMMARY OF PROFESSIONAL SERVICES
## RENDERED AND EXPENSES INCURRED

6.     Province seeks allowance of compensation of professional services rendered to the Committee during the Compensation Period in the amount of $381,032.50.  In addition, Province seeks approval for reimbursement of expenses incurred in connection with the rendition of its services in the aggregate amount of $1,944.26.  During the Compensation Period, Province professionals and paraprofessionals expended a total of 664.0 hours for which compensation is requested.  The fees charged by Province in this proceeding are billed in accordance with its existing billing rates and procedures in effect during the Compensation Period.

7.     The following summary highlights the major areas in which Province rendered services during the Compensation Period.  As required by the Guidelines, the summary is organized by project category.  A summary chart setting forth the number of hours spent and the amount of compensation requested for each projected category is attached as **Exhibit C-1** and a summary chart setting forth the amount of expenses requested by Province in this Application is attached as **Exhibit C-2**.  The full breadth of Province's services performed during the Compensation Period is reflected in the time records which are attached to Province's monthly fee statements and incorporated herein by reference.[1]  *See* Docket Nos. 261 and 314.

8.     As described in more detail below, during the Compensation Period, Province advised the Committee on a broad range of issues during the pendency of this chapter 11 case, including matters pertaining to the Debtor's leases and the administration of the bankruptcy case. Province also commenced an investigation into the Debtor's business and its relationship with its

---

[1] Certain of these invoices have been redacted to protect information protected by non-disclosure agreements.

foreign parent, L'Occitane International, S.A., which investigation remains ongoing. In particular, Province expended significant time on the following tasks:

### A.    Business Operations

9.      Incorporated within this category is time spent by Province personnel in connection with the evaluation and analysis of certain aspects of the Debtors' business and industry of operation. The work performed in this task code was necessary for the Committee to be informed on the Debtors' historical and future operating performance and strategy.

Specific services provided by Province during the First Interim Fee Period include, but are not limited to:

i.  Analyzing and evaluating financial information, including weekly cash flow forecasts, weekly cash flow variance reports, and long-term financial projections;

ii.  Monitoring weekly sales and cash flows versus the aforementioned forecasts;

iii.  Corresponding with the Debtor's management team regarding financial performance, updates on operations, and business plan initiatives;

iv.  Developing alternate budget scenarios and applying sensitivities to a go-forward financial model;

v.  Preparing various analyses related to the Debtor's operations, historical balance sheets, income statements, and cash flow statements;

vi.  Reviewing financial information and other documents provided by the Debtor and its advisors;

vii.  Assisting in the preparation of financial information for distribution to the Committee and legal counsel, including projections and budgets, analysis of the effect of various assumptions on projected financial results, and other ad hoc analyses as requested or deemed necessary; and

viii.  Corresponding and discussing budget and other business and financial results with counsel, Committee professionals and within internal team.

### B.    Case Administration

10.      Incorporated within this task code is time incurred by Province personnel while performing various administrative tasks that do not clearly fit into other categories including planning and discussing general case updates with Committee professionals.

6

### C.      Claims Analysis and Objections

11.     Incorporated within this task code is time incurred by Province personnel while performing various functions directly related to the preliminary analysis and estimate of potential claims, including administrative and general unsecured claims.

### D.      Court Filings

12.     Incorporated within this category is time incurred by Province personnel while performing various functions directly related to reviewing, evaluating and commenting on the Debtor's motions and orders filed on the docket, including analysis of various motions and proposed orders

### E.      Court Hearings

13.     Incorporated within this category is time incurred by Province personnel while telephonically participating in the various court hearings in this case.

### F.      Fee/Employment Applications

14.     Incorporated within this task code is time incurred by Province personnel while performing various functions directly related to the employment application of Province for this chapter 11 case.

### G.      Litigation

15.     Incorporated within this category is time incurred by Province personnel while corresponding with regard to and reviewing document production.

### H.      Plan and Disclosure Statement

16.     Incorporated within this category is time incurred by Province personnel while performing various functions directly related to review and analysis of financial information likely to form the basis of a proposed plan in this case, including documenting various iterations of the waterfall-based recovery analyses.

7

## **RELIEF REQUESTED AND BASIS THEREFOR**

17.     The professional services performed by Province on the Committee's behalf during the Compensation Period required an aggregate expenditure of 664.0 recorded hours by Province's professionals and paraprofessionals.  Of the aggregate time expended, 655.2 recorded hours were expended by professionals of Province and 8.8 recorded hours were expended by paraprofessionals.

18.     During the Compensation Period, Province's hourly billing rates for professionals and paraprofessionals ranged from $185.00 to $750.00 per hour.  Allowance of compensation in the amount requested would result in a blended hourly billing rate of $573.84 for paraprofessionals and professionals, respectively, at Province's regular billing rates in effect at the time of the performance of services.

19.     Province has incurred $1,944.26 in direct out-of-pocket expenses in providing professional services during the Compensation Period.  These charges are intended to cover Province's direct operating costs, which costs are not incorporated into Province's billing rates.

20.     Section 330 of the Bankruptcy Code provides that a court may award a professional employed under Section 1103 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual necessary expenses." 11 U.S.C. § 330(a)(1).

21.     Section 330 of the Bankruptcy Code contains two separate criteria, and before determining the reasonableness of the service, the Court must make a threshold inquiry into its necessity.  *In re Engel*, 190 B.R. 206, 209 (Bankr. D.N.J. 1995); *see also In re Fleming Cos.*, 304 B.R. 85, 89 (D. Del. 2003) (discussing a two-tiered approach to determining whether compensation should be allowed—first "the court must be satisfied that the attorney performed actual and necessary services" and second "the court must assess a reasonable value for those

8

services"). The majority of courts which have interpreted Section 330 of the Bankruptcy Code have held that an element of whether such services are "necessary" is whether they benefitted the bankruptcy estate. *Engel*, 190 B.R. at 209. Further, the test for determining necessity is objective, focusing on what services a reasonable lawyer would have performed under the same circumstances. *In re APW Enclosure Sys., Inc.*, No. 06-11378 (MFW), 2007 WL 3112414, at *3 (Bankr. D. Del. 2007) (citing *Fleming*, 304 B.R. at 89). This test does not rely on hindsight to determine the ultimate success or failure of the attorney's actions. *See id.* (citing, *inter alia*, *Keate v. Miller (In re Kohl)*, 95 F.3d 713, 714 (8th Cir. 1996)).

22. Once the court determines that a service was necessary, it also assesses the reasonable value of the service. 11 U.S.C. § 330(a)(3). Section 330(a)(3) of the Bankruptcy Code sets forth the criteria for the award of such compensation and reimbursement, stating:

> In determining the amount of reasonable compensation to be awarded . . . the court shall consider the nature, extent, and the value of such services, taking into account all relevant factors, including—
>
> (A)  the time spent on such services;
>
> (B)  the rates charged for such services;
>
> (C)  whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D)  whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E)  with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F)  whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

23.     In determining the reasonableness of fees, courts routinely "employ the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)." *Staiano v. Cain (In re Lan Assocs. XI, L.P.)*, 192 F.3d 109, 123 (3d Cir. 1999).  These factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  *Id.* at 123 n.8.

24.     In addition, Section 331 of the Bankruptcy Code provides that a debtor's attorney employed under Section 1103 of the Bankruptcy Code may apply to the Court for interim compensation not more than once every 120 days after an order for relief in a case under chapter 11.  *See* 11 U.S.C. § 331.

25.     In the instant case, Province devoted a substantial amount of time and effort to addressing the numerous issues involved in this chapter 11 case.  Province respectfully submits that the services for which it seeks compensation in this Application were, at the time rendered, believed to be necessary to effectively represent the Committee, and were performed economically, effectively, and efficiently.   Because Province's services benefitted the bankruptcy estate, Province respectfully submits that it performed "actual and necessary" services compensable under Section 330 of the Bankruptcy Code.

62315/0001-40916091v2

26. Further, Province submits that consideration of the relevant factors enumerated in

*Lan Assocs.*, 192 F.3d at 123 n.8, establishes that the compensation requested is reasonable in

light of the nature, extent, and value of such services to the Committee:

(a) *The Time and Labor Required*.  The professional services rendered by Province on behalf of the Committee have required the expenditure of substantial time and effort, as well as a high degree of professional competence and expertise, in order to deal with the many issues arising in this case with skill and dispatch.  Province respectfully represents that the services rendered by it were performed efficiently, effectively and economically.

(b) *The Novelty and Difficulty of Questions*.  Although the issues in this case were not particularly novel, many financial challenges have arisen in the course of this case.  Province's effective assistance has and will continue to facilitate the resolution of such issues.

(c) *The Preclusion of Other Employment by Applicant Due to Acceptance of the Case*.  Province's advisory of the Committee did not preclude its acceptance of new clients.  However, the issues that arose in this case required attention on a continuing, and oftentimes emergent, basis, requiring Province's professionals to commit significant portions of their time to this chapter 11 case.

(d) *The Customary Fee*.  The fee sought herein is based on Province's normal hourly rates for services of this kind.  Province respectfully submits that the hourly rates of its professionals are not unusual given the time expended in attending to the financial advisory of the Committee.  Province's hourly rates and the fees requested herein are commensurate with fees Province has been awarded in other chapter 11 cases, as well as with fees charged by other professionals of comparable experience.

(e) *Whether the Fee is Fixed or Contingent*.  Not applicable.

(f) *Time Limitations Imposed by Client or other Circumstances*.  Not applicable.

(g) *The Amount Involved and Results Obtained*.  Province respectfully submits that the amount of fees for which compensation is sought is reasonable under the circumstances given the numerous issues that had to be addressed.

(h) *The Experience, Reputation and Ability of the Professionals*.  Province is a professional association with approximately 60 professionals that practice extensively in the fields of bankruptcy and corporate restructuring; litigation; real estate; tax, trusts and estates; corporate, finance and business transactions.  Province has advised debtors, creditors, creditors' committees, fiduciaries and numerous other parties in several cases before the Bankruptcy Courts for the

62315/0001-40916091v2

District of New Jersey as well as in various other Bankruptcy Courts throughout the country.

(i)    *The Undesirability of the Case*.  Not applicable.

(j)    *Nature and Length of Professional Relationship*.  Not applicable.

(k)    *Awards In Similar Cases*.  As previously indicated, the fees sought herein are commensurate with fees Province has been awarded in other chapter 11 cases.

27.    In addition, consistent with Section 331 of the Bankruptcy Code, this is Province's first interim fee application.  Accordingly, Province has complied with Section 331's requirement that an applicant may apply to the Court for interim compensation not more than once every 120 days after an order for relief in a case under chapter 11 since it has not previously applied to the Court for compensation.  *See* 11 U.S.C. § 331.

62315/0001-40916091v2

**WHEREFORE**, Province respectfully requests a first interim fee allowance as financial advisor for the Debtor in the amount of $381,032.50, together with reimbursement of expenses in the amount of $1,944.26, for a total first interim fee award of $382,976.76.

DATED:  June 14, 2021

Respectfully submitted,

**PROVINCE LLC**
*Financial Advisor to the Official Committee of Unsecured Creditors*

By:____*/s/ Edward Kim*_____
       Edward Kim, Managing Director
       2360 Corporate Circle, Ste. 330
       Henderson, NV 89074
       Email:  ekim@provincefirm.com

**EXHIBIT A**

**Retention Order**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

**COLE SCHOTZ P.C.**
Court Plaza North
25 Main Street
Hackensack, New Jersey 07601
Warren A. Usatine, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Justin R. Alberto, Esq. (admitted *pro hac vice*)
wusatine@coleschotz.com
svanaalten@coleschotz.com
jalberto@coleschotz.com
Telephone: (201) 489-3000
Facsimile:  (201) 489-1536

*Proposed Counsel for the Official Committee of
Unsecured Creditors*

| | |
|---|---|
| In re: | |
| L'OCCITANE, INC., | Chapter 11 |
| Debtor | Case No. 21-10632 (MBK) |

Order Filed on March 9, 2021
by Clerk
U.S. Bankruptcy Court
District of New Jersey

### ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF PROVINCE, LLC AS FINANCIAL ADVISOR FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF L'OCCITANE, INC. EFFECTIVE AS OF FEBRUARY 12, 2021

The relief set forth on the following pages, numbered two (2) through four (4), is hereby

**ORDERED**

**DATED: March 9, 2021**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

Page:      2
Debtor:    L'Occitane, Inc.
Case No.:  21-10632 (MBK)
Caption:   ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF
           PROVINCE, LLC AS FINANCIAL ADVISOR FOR THE OFFICIAL
           COMMITTEE OF UNSECURED CREDITORS OF L'OCCITANE, INC.
           EFFECTIVE AS OF FEBRUARY 12, 2021

Upon the application (the "**Application**") of the Official Committee of the Unsecured

Creditors (the "**Committee**") of L'Occitane, Inc. (the "**Debtor**"), the debtor and debtor-in-

possession in the above-captioned chapter 11 case (the "**Chapter 11 Case**") for entry of an order

authorizing the Committee to employ and retain Province, LLC ("**Province**" or the "**Firm**") as its

financial advisor effective as of February 12, 2021, pursuant to sections 328(a) and 1103 of Title

11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "**Bankruptcy Code**"), Rule 2014 of

the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 2014-1 of the

Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the

District of New Jersey (the "**Local Rules**"); and upon the Declaration of Edward Kim (the "**Kim**

**Declaration**"); and the Court having jurisdiction to consider the Application and the relief

requested therein pursuant to 28 U.S.C. §§ 157 and 1334(b); and it appearing that the Application

is a core matter pursuant to 28 U.S.C. §157(b)(2) and that the Court can enter a final order

consistent with Article III of the United States Constitution; and venue being proper in this Court

pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being satisfied that notice of this

Application and the opportunity for a hearing on this Application was appropriate under the

particular circumstances and no further or other notice need by given; and the Court being satisfied,

based on the representations made in the Application and the Kim Declaration, that Province does

not hold or represent an adverse interest in connection with the case, and that Province is a

"disinterested person" as such term is defined in section 101(14) of the Bankruptcy Code; and the

Court having determined that the relief south in the Application is in the best interest of the

Committee, the Debtor, its creditors and all parties in interest; and this Court having determined

Page:        3
Debtor:      L'Occitane, Inc.
Case No.:    21-10632 (MBK)
Caption:     ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF
             PROVINCE, LLC AS FINANCIAL ADVISOR FOR THE OFFICIAL
             COMMITTEE OF UNSECURED CREDITORS OF L'OCCITANE, INC.
             EFFECTIVE AS OF FEBRUARY 12, 2021

that the legal and factual bases set forth in the Application and the Kim Declaration, and at the hearing establishing just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

It is hereby **ORDERED**, that:

1.      The Application is GRANTED as set forth herein.

2.      Pursuant to sections 328 and 1103 of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, the Committee is authorized to employ and retain Province as financial advisor to the Committee effective as of February 12, 2021.

3.      Province shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtor's case as set forth in the Application and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of this Court.

4.      Notwithstanding anything to the contrary in the Application or the Kim Declaration, Province shall not seek reimbursement of any fees or costs arising from the defense of any of Province's fee applications in this Chapter 11 Case.

5.      Province shall provide ten (10) days' notice to the Debtor, the U.S. Trustee, and the Committee before any increases in the rates set forth in the Application or any agreement entered into connection with the Committee's retention of Province are implemented and shall file such notice with the Court, provided, however, that in the event that Province professionals responsible for this matter do not have sufficient advance notice of such rate increase, Province shall provide notice to the Debtor, the U.S. Trustee, and the Committee as soon as practicable after the

3

Page:      4
Debtor:    L'Occitane, Inc.
Case No.:  21-10632 (MBK)
Caption:   ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF
           PROVINCE, LLC AS FINANCIAL ADVISOR FOR THE OFFICIAL
           COMMITTEE OF UNSECURED CREDITORS OF L'OCCITANE, INC.
           EFFECTIVE AS OF FEBRUARY 12, 2021

information regarding rate increases becomes available to Province's professional responsible for

this matter.

6.      The Committee and Province are authorized and empowered to take all actions

necessary to implement the relief granted in this Order.

7.      The Court shall retain jurisdiction to hear and determine all matters arising from

the implementation of this Order.

4

Form order – ntcorder

# UNITED STATES BANKRUPTCY COURT

District of New Jersey
402 East State Street
Trenton, NJ 08608

---

Case No.: 21–10632–MBK
Chapter: 11
Judge: Michael B. Kaplan

In Re: Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
  L'Occitane, Inc.
  111 West 33rd Street
  20th Floor
  New York, NY 10120

Social Security No.:

Employer's Tax I.D. No.:
  13–3844764

---

## NOTICE OF JUDGMENT OR ORDER
### Pursuant to Fed. R. Bankr. P. 9022

    Please be advised that on March 9, 2021, the court entered the following judgment or order on the court's docket in the above–captioned case:

Document Number: 202 – 182
Order Granting Application to Employ Professional Province, LLC as Financial Advisor to the Official Committee of Unsecured Creditors Effective as of February 12, 2021 (Related Doc # 182). Service of notice of the entry of this order pursuant to Rule 9022 was made on the appropriate parties. See BNC Certificate of Notice. Signed on 3/9/2021. (wir)

    Parties may review the order by accessing it through PACER or the court's electronic case filing system (CM/ECF). Public terminals for viewing are also available at the courthouse in each vicinage.

Dated: March 9, 2021
JAN: wir

                                          Jeanne Naughton
                                          Clerk

**EXHIBIT B**

**SUMMARY OF TIMEKEEPERS INCLUDED IN THIS FEE APPLICATION**

| Professional | Timekeeper Title | Hourly Rate | Hours | Total Fees |
|---|---|---|---|---|
| Edward Kim | Managing Director | $740 | 71.2 | $52,688.00 |
| Sanjuro Kietlinski | Managing Director | $750 | 0.1 | $75.00 |
| Jorge Gonzalez | Managing Director | $710 | 5.3 | $3,763.00 |
| Paul Navid | Senior Director | $600 | 427.0 | $256,200.00 |
| Eric Reinhard | Senior Associate | $485 | 27.1 | $13,143.50 |
| Timothy Oh | Senior Associate | $430 | 124.5 | $53,535.00 |
| | **Subtotal** | | **655.2** | **$379,404.50** |
| | **Blended Rate for Professionals** | **$579.07** | | |
| **Para Professionals** | | **Hourly Billing Rate** | **Total Hours Billed** | **Total Compensation** |
| Beth Robinson | Paralegal | $185 | 1.8 | $333.00 |
| Eric Mattson | Paralegal | $185 | 3.6 | $666.00 |
| Crystal Obedoza | Paralegal | $185 | 3.4 | $629.00 |
| | **Subtotal** | | **8.8** | **1,628.00** |
| | | | **Fee Statement Hours** | **Total Compensation** |
| | **Grand Total** | | **664.0** | **$381,032.50** |
| | **Blended Rate for All Billers** | **$573.84** | | |

| | |
|---|---|
| Client Name: | Official Committee of Unsecured Creditors of L'Occitane, Inc. |
| Case Number: | 21-10632 (MBK) |
| Applicant's Name: | Province, LLC |
| Date of Application: | June 14, 2021 |
| Interim or Final: | Interim |

**EXHIBIT C-1**
**SUMMARY OF COMPENSATION REQUESTED BY PROJECT CATEGORY**
(*See* Guidelines § C.8. for project category information.)

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Business Analysis / Operations | 331.4 | $189,352.00 |
| Case Administration | 9.6 | $5,890.00 |
| Claims Analysis and Objections | 117.7 | $69,120.50 |
| Committee Activities | 130.7 | $75,030.00 |
| Court Filings | 17.2 | $10,530.00 |
| Court Hearings | 1.6 | $807.00 |
| Fee/Employment Applications | 12.6 | $4,440.00 |
| Litigation | 42.1 | $25,390.00 |
| Plan and Disclosure Statement | 1.1 | $473.00 |
| **Grand Total** | **664.0** | **$381,032.50** |

| | |
|---|---|
| Client Name: | Official Committee of Unsecured Creditors of L'Occitane, Inc. |
| Case Number: | 21-10632 (MBK) |
| Applicant's Name: | Province, LLC |
| Date of Application: | June 14, 2021 |
| Interim or Final: | Interim |

**EXHIBIT C-2**

**SUMMARY OF EXPENSE REIMBURSEMENT REQUESTED BY CATEGORY**

(*See* Guidelines § C.8. for project category information.)

| Expense Category | Description | Total Expenses |
|---|---|---|
| Meals | Working meal. | $45.50 |
| Miscellaneous | Research fees. | $1,739.99 |
| Telephone/Internet | Court and conference calls. | $158.77 |
| **Total Expenses** | | **$1,944.26** |

| | |
|---|---|
| Client Name: | Official Committee of Unsecured Creditors of L'Occitane, Inc. |
| Case Number: | 21-10632 (MBK) |
| Applicant's Name: | Province, LLC |
| Date of Application: | June 14, 2021 |
| Interim or Final: | Interim |

2